## Frederick R. Wilson

### *v.*

## Thomas Raybould.

Measure of damages — *lessee against lessor.* In an action on the case by a lessee against his lessor, to recover damages resulting to the former by reason of the false and fraudulent representations of the lessor, that he was the owner of the premises, it appeared the lessee, on the faith of such representations, had erected a shop on the premises, and, upon being evicted under title paramount, was compelled to move his shop, machinery, etc., to another lot: *Held,* the measure of damages, in respect to the expense of moving, should be limited to the necessary expense thereof; and in respect

to the cost of another lot whereon to place his shop, during the unexpired portion of his term, the damages should be confined to the rent of a lot similarly situated, and of equal rental value, to the one the plaintiff was compelled to leave.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action brought by Raybould against Wilson, to recover for damages resulting to the plaintiff by reason of the alleged false and fraudulent representation of the defendant, that he was the owner of water lot 45, in Kinzie's Addition to the city of Chicago, whereby the plaintiff, relying on such representation, was induced to accept from the defendant a lease of a part of the premises, of date May 1, 1867, for five years, and erected a shop thereon, put in machinery, etc., and was ejected therefrom November, 1868, by a writ issued on a judgment in favor of the holder of the paramount title, etc. The question arises as to the measure of plaintiff's damages, in case he is entitled to recover.

Messrs. JONES & GARDNER, for the appellant.

Messrs. PAYNE & COOK, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, brought by Thomas Raybould against Frederick R. Wilson, to the circuit court of Cook county, resulting in a verdict and judgment for the plaintiff, of $2,500, to reverse which the defendant appeals.

We have not deemed it necessary to consider any other question raised in the case, but the rule of damages, as laid down by the court, on its own motion. That rule is found in this instruction:

" If the jury shall not find, from the evidence, that the defendant has been guilty of fraud, as alleged in the declaration, then no recovery can be had in the action, against the defendant,

but if the jury shall find, from the evidence, that the defendant is guilty, then the damages to be awarded to the plaintiff may include:   First.  The expenses incurred in removing the plaintiff's shop, machinery, tools and stock in trade, to another location as near to the plaintiff's former location as a suitable lot could be obtained by plaintiff.   Second.  The difference, if any, in the amount the plaintiff had to pay for another lot of equal dimensions, upon which to remove his buildings and machinery, for the period that the plaintiff's lease from the defendant was to continue.   Third.  Interest on the amount of capital actually invested in the plaintiff's business, at six per cent, for the time plaintiff's business was necessarily suspended by reason of the removal from one place to another."

The first clause of this instruction authorized the jury to give, as damages, any expenditure the plaintiff might have made in removing.   It should have been confined to necessary expenses, and to those only.   The second authorized them to allow rent, no matter how extravagant, for a lot of equal dimensions, whereon to place his building and machinery, whereas it should have been confined to the rent of a lot similarly situated, or of equal rental value, to the one the plaintiff was compelled to leave.

For this error the judgment is reversed and the cause remanded.

*Judgment reversed.*