### ZIMMER v. BLACK et al.

#### (*Supreme Court, General Term, Fifth Department.* April 16, 1891.)

LANDLORD AND TENANT—INJURY TO PREMISES BY FIRE.

    Laws N. Y. 1860, c. 345, § 1, provides that "the lessees or occupants of any building which shall, without any fault or neglect on their part, be destroyed or be so injured by the elements, or any other cause, as to be untenantable and unfit for occupancy, shall not be liable or bound to pay rent to the lessors or owners thereof, after such destruction or injury, unless otherwise expressly provided by written agreement or covenant, and the lessees or occupants may thereupon quit and surrender possession of the leasehold premises, and of the land so leased or occupied." Premises occupied by defendants as lessees were injured by fire on July 25th, and on August 3d defendants removed therefrom. There was evidence that it was necessary for defendants to remain such length of time after the fire on account of insurance on their goods. *Held*, that whether the premises were so injured as to be untenantable, and whether defendants exercised due diligence in removing, should have been submitted to the jury.

Appeal from Monroe county court.

Action by Frederick Zimmer against Louis Black and others. There was a judgment for plaintiff, and defendants appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

C. A. Keeler, for appellants. H. B. Hallock, for respondent.

CORLETT, J. On the 28th day of December, 1888, the plaintiff executed a lease to the defendants of that part of the Zimmer block, on Mill street in the city of Rochester, known as store No. 70, with the basement and two floors above, the lessees to take possession the 1st day of February, 1889, the lease to continue for three years, ending on the 31st of March, 1892. The rent was $700 a year, payable monthly, in advance. On the 25th day of July, 1889, a fire occurred, which rendered the leased premises untenantable, and the defendants left them on the 2d day of August following. This action was brought to recover the rent for the month of August, 1889. The defense was that before the 1st day of August the premises were so damaged by fire and water as to become untenantable and unfit for occupation, and that the defendants removed therefrom with due diligence, which removal occurred on the 2d day of August, and that they surrendered up the premises to the plaintiff, and were thus relieved from the payment of further rent. Section 1 of chapter 345 of the Laws of 1860 is as follows: "The lessees or occupants of any building which shall without any fault or neglect on their part be destroyed, or be so injured by the elements, or any other cause, as to be untenantable and unfit for occupancy, shall not be liable or bound to pay rent to the lessors or owners thereof, after such destruction or injury, unless otherwise expressly provided by written agreement or covenant, and the lessees or occupants may thereupon quit and surrender possession of the leasehold premises, and of the land so leased or occupied." The action was brought in the municipal court of the city of Rochester, and in August, 1889, was tried before the court, and judgment rendered in favor of the plaintiff for the August rent. An appeal was taken to the county court of Monroe county for a new trial, which was had in April, 1890, before that court and a jury. At the close of the evidence the court directed a verdict for the plaintiff. A motion was made by the defendants for a new trial, which was denied. The defendants appealed to this court from the judgment entered upon the verdict and the order. On the 3d day of August the defendants paid in full to the plaintiff the rent for July, and tendered it for the first three days of August, which the plaintiff refused to receive. The defendant's stock in trade was insured, on account of which the insurance companies paid $33\frac{1}{3}$ per cent. damages. The evidence tended to show that it was important that the defendants should not move on account of the insurance, until the time they did. On the 3d day of August the defendants served notice on the plaintiff of a surrender of the premises. At the close of the evidence in the county court, the defendants asked to go to the jury upon the following questions: First, whether at the time the premises were vacated they were in an untenantable condition; second, whether on July 25th the premises were so injured by the elements, or from any other cause, as to be untenantable, without fault of the defendants; third, whether the defendants exercised reasonable diligence in removing from the premises after the fire. The motion was denied, and a verdict directed in favor of the plaintiff for the rent of the month of August, 1889. Exceptions were taken by the defendants.

In Vann v. Rouse, 94 N. Y. 401, it was held that chapter 345 of the Laws of 1860 secured to a tenant the benefit therein expressed in the absence of an express written agreement indicating an intent to waive it. In Bassett v. Dean, 34 Hun, 250, decided in the first department in October, 1884, it was held that under the above chapter, when the premises become untenantable in consequence of fire, the tenant is allowed a reasonable time within which

to remove his property from the premises occupied by him; and what is a reasonable time should be submitted to the jury. A like decision was made by the same court in *Wallace* v. *Coe*, 13 N. Y. St. Rep. 546, (in January, 1888.) The above cases are decisive of the one at bar unless overruled. *Johnson* v. *Oppenheim*, 55 N. Y. 280, has no application. There the lessees occupied the premises after the injury from June, 1869, until the 30th of September following. The court held that the tenant had retained possession so long that to relieve him from payment would secure him the benefit of the lease, and at the same time allow him to repudiate its obligations. *Pearson* v. *Gillotte*, 15 N. Y. St. Rep. 395, decided in the city court of New York, was based on that case. In *Smith* v. *Kerr*, 108 N. Y. 31, 15 N. E. Rep. 70, the point decided was that when the leased premises are destroyed by fire no obligation rests upon either landlord or tenant to rebuild, in the absence of express covenants; that in such case the tenant has an option either to declare the lease at an end and surrender possession, or continue to the expiration of the term; and that, where a tenant continues to occupy, he is liable. Also that a parol agreement to change the amount of rent was not, upon the facts appearing, available. In that case the store was burned on the 5th day of September, 1880. After the fire the plaintiff erected a brick building. While this was being done it was verbally agreed that after the new building was completed the rent should be $50 a month instead of $25. The defendant did not surrender the old lease to the plaintiff. The defendant having refused to pay the $50 a month, summary proceedings were resorted to with success. On appeal this court held that the verbal agreement could not be enforced, and reversed the adjudication below. 33 Hun. 567. The questions involved in the case at bar were not before the court or determined. It is obvious that when by disaster the premises become unfit for occupancy the tenant should have a reasonable time to remove. This was decided in the cases first above cited, and the soundness of those decisions has never been questioned. The case should have been submitted to the jury, as requested by the defendants. It follows that the judgment should be reversed, and a new trial granted. All concur.