(4 Misc. Rep. 205.)

### KELLY v. PARTRIDGE.

(Common Pleas of New York City and County, General Term. June 19, 1893.)

LANDLORD AND TENANT—SURRENDER OF PREMISES—WHAT CONSTITUTES.

　　When, upon destruction of the building, the tenant notifies the landlord that he considers the lease canceled, to which the landlord assents, and the landlord enters to make repairs, the fact that, by an independent agreement with the landlord, the tenant keeps his goods on the premises until he can sell them, does not defeat his right of surrender.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Edward Kelly against Josiah Partridge to recover two months' rent alleged to be due on certain premises. The judgment on a verdict for defendant was affirmed at the general term of the city court, and plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Johnston & Johnston, (Edward W. S. Johnston, of counsel,) for appellant.

George Wincox, for respondent.

PRYOR, J. The verdict being general, the conclusive inference is that the jury found every issuable fact in favor of the defendant. In bar of the action the defendant pleaded a surrender pursuant to the provisions of chapter 345 of the Laws of 1860, and in support of the defense adduced evidence of the destruction of the building, within the operation of the statute. The question in controversy is whether the defendant seasonably and sufficiently abandoned the premises. Undoubtedly the tenant must elect between the alternative choice to surrender or to continue the lease, and an unqualified retention of possession beyond a reasonable period after the destruction of the building will preclude him from recourse to a surrender. Here the destruction of the building by fire occurred on the 2d May, and the final and complete removal of the defendant on the 13th of the next month. In the absence of explanatory circumstances, so long a possession would involve a forfeiture of the right to surrender. But the evidence is ample to authorize an inference of a prompt and effectual election to abandon the premises, notwithstanding the fact of the prolonged possession. Shortly

after the fire, defendant said to the landlord's agent, "We consider the lease canceled by the fire," to which the agent responded, "Yes, of course, he supposed so." A few days subsequently it was agreed between the defendant and the agent that, for a proper consideration, the former should be allowed to leave his damaged goods in the building until they could be "auctioned off." Meanwhile the landlord took possession of the premises for the purposes of reparation. The sale of defendant's goods was completed on the 9th of June. The proof was enough to warrant the jury in the conclusion that, pursuant to the notice of surrender, the landlord took possession of the premises, and that the defendant kept his goods there, not by right, as tenant, but by virtue of an independent agreement between the parties subsequent to the cancellation of the lease. Other circumstances explanatory of defendant's possession operate to rebut the presumption of the continuance of the tenancy; for example, the delay in adjusting the insurance. The appellant contends that the landlord's agent had no authority to permit the defendant to continue in possession. We think otherwise; but, at all events, the agreement was communicated to the landlord, and we do not observe that she repudiated it. All the facts bearing on the authority of the agent, and the surrender, were duly submitted to the jury; and we should not be justified, on the evidence, in disturbing their conclusion. Bassett v. Dean, 34 Hun, 250; Zimmer v. Black, (Sup.) 14 N. Y. Supp. 107. Nor is the verdict upon the issue affected by any error in the charge or the evidence. The defense being effectual for the defeat of the action, we have no occasion to consider the counterclaims.

Judgment affirmed, with costs. All concur.