## NONOTUCK SILK COMPANY
### v.
## THOMAS J. SHAY.

*Landlord and Tenant—Sub-tenant—Recovery of Rent from—Damage by Fire.*

1. Where leased rooms are not destroyed by fire, but are damaged only, and remain so that the tenant may still occupy them, he will not be discharged from the rent.

2. The payment of rent by a tenant up to the date of a fire by reason of which he removed to other quarters, will not of itself justify the assumption of a surrender of the damaged premises and the acceptance thereof by the landlord.

3. A landlord is under no rule of diligence in having repairs made, which he is not bound to undertake.

4. An entry by a landlord on premises of a tenant to restore them to a tenantable condition is not an act indicating an intention to evict.

[Opinion filed January 16, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellant.

Mr. THOMAS S. McCLELLAND, for appellee.

In this State a lessee is not discharged from payment of rent during the term of his lease, notwithstanding the leased premises may be partially or wholly destroyed by fire or other casualty, unless so provided for in the contract of lease. Smith v. McLean et al., 123 Ill. 210, and cases cited in brief of appellees therein; Smith v. McLean et al. (same case), 22 Ill. App. 451; Turner v. Mantonya, 27 Ill. App. 500.

The premises were not totally destroyed, but only slightly damaged, and capable of being restored in a few weeks had weather permitted, and in fact were restored in eighty days. Therefore, the point made by appellant and authorities cited to effect of release of liability to pay rent in case of total destruction of rooms, where lease does not attach to the realty, has no bearing in this case. Cook v. Anderson, 85 Ala. 99 (4 So. 713), and cases cited therein; Vanderpool v. Smith, 2 Daly, 135; Izor v. Gorton, 5 Bing. (N. C.) 501; Smith v. McLean et al., 123 Ill. 210, and cases; same v. same, 22 Ill. App. 451; Turner v. Mantonya, 27 Ill. App. 500.

A tenant must pay rent while premises are being repaired. Taylor on Landlord and Tenant, § 331; Peck v. Ledwidge, 25 Ill. 93; Ely v. Ely, 80 Ill. 532.

This case is identical with Smith v. McLean et al., except in that case the covenants in the lease obligated the landlord to repair, and suspended rents during such repairs. In the case at bar the appellee did not covenant to repair, nor to suspend rent for any cause during the term of the lease; but after appellant vacated and abandoned the premises, the owner, who was landlord to appellee, entered and restored the premises, without objections from appellant, and the agent of appellant called several times to see how repairs were progressing, as he swears.

The appellant having abandoned the premises immediately after the fire, and announcing its intention of never returning, it can not be said that the entry by the lessor of the appellee for the purpose of making repairs, without any overt acts on part of appellee, could be regarded as an eviction. Smith v. McLean et al., 22 Ill. App. 451; 123 Ill. 210, and cases cited.

The court may instruct the jury—so it is done in writing

and no error committed — unless the instructions as given are erroneous. Green v. Lewis, 13 Ill. 642; Brown v. People, 4 Gilm. 439; Vanlandingham v. Huston, 4 Gilm. 125.

There was no conflict of evidence in this case, and no disputed facts for the jury to pass upon. When the evidence is of such a character that the court would necessarily have to set aside a verdict of the jury, if it found for the defendant, it is not error to direct the jury to find for plaintiff; nor if, from an inspection of the record, the plaintiff was entitled to recover; i. e., the instruction to find for plaintiff is not erroneous if the evidence clearly sustains the verdict. Caveny v. Weiller, 90 Ill. 158, and cases cited; Hubner v. Feige, 90 Ill. 208; Crowley v. Crowley, 80 Ill. 469; Anderson Co. Comm'rs v. Beal, 113 U. S. 227, and cases cited.

MORAN, P. J. Appellant occupied the main floor of a building situate on Madison street in Chicago, under a written lease from appellee, signed by both parties, the term demised being from January 1, 1885, to January 1, 1889, at a monthly rental of $208.33 per month. It was covenanted in the lease that the premises were received in good condition, and that the lessee would deliver them up to the lessor at the expiration of the lease in as good condition as when received, loss by fire or inevitable accident or ordinary wear excepted.

There was no covenant on the part of appellee to repair, and no exemption or release from payment of rent because of fire or other accident to the property. Steam heating was to be furnished to appellant during the term, and also the use of freight elevator. The building was four stories high above the basement, and the floors above the main floor were occupied by tenants who held under the owner of the building.

Appellee rented from said owner the main floor and basement, and sublet to appellant the portion of the main floor described in the lease.

On January 10, 1888, a fire occurred in the building which burned out the roof and the inside of the building above the main floor, but left the walls intact, and also appellant's premises, except that a part of the ceiling was damaged and broken away so that the sky was visible through the hole. Consider-

able water and debris fell upon the stock of merchandise and the freight elevator was destroyed, and the steam heating apparatus so injured that it would not heat the building.    Immediately after the fire, appellant moved its stock into temporary quarters, and in about three weeks made a permanent lease of and moved into other premises, but left some of its property in the premises in controversy, until April following the fire.    About the middle of February after the fire, the owner of the building commenced to rebuild the same, and added a story thereto, and the premises were fully restored and ready for occupancy by April 1st.    Appellant declined to return to the premises, and notified appellee that it would pay rent up to the date of the fire, which it did on March 19th.    Appellee endeavored to rent the premises to other parties, but failed to do so, and this action was brought to recover rent accruing from the 1st of January till the commencement of the action, and on the trial under the instructions of the court, a verdict was found against appellant for the rent for the months of April, May and June, and judgment rendered therefor.

1st.    Appellant contends that the obligation to pay rent ceased on the happening of the fire, which rendered the premises for the time being untenantable.    It is conceded that where the entire building standing upon land demised is destroyed by fire, such destruction does not relieve the tenant from the performance of the covenant to pay rent for the remainder of the term, unless there is a covenant on the part of the lessor to rebuild and he fails to do so; but it is said that where the lease is but of a part of a building or rooms therein, or as here, a part of one of the floors thereof, and such premises are destroyed, the lease is terminated.

What was said by the Supreme Court in Smith v. McLean, 123 Ill. 210, and by this court in Turner v. Mantonya, 22 Ill. App. 500, disposes of this contention.    The evidence shows very clearly that the premises were not destroyed.    They were damaged, but capable of repair.    The walls were standing and the floor substantial, though covered with debris and ice, and in the ceiling a small hole had been burned or broken through.    It is said that it should have been left to the jury

to say whether there was in fact a destruction of appellant's portion of the building. There was no dispute as to the actual condition of the premises, and a finding that they were destroyed could not stand. If it be admitted that the question was one for the jury, still the fact must have been found, as the court in his instruction assumed it to be, that there was no destruction of, but only a damage to, the premises.

2d. It is also insisted that appellant surrendered the premises on the 19th of March, and that appellee accepted them. The evidence shows that on March 19th appellant paid, and appellee received, $69.43, which was the amount of the rent from January 1st to January 10th, but there was nothing said as to a surrender of the premises, and appellant retained the key, and left some of its property in the premises till April. We can not perceive that there was in these facts anything tending to show a surrender.

It might be inferred from the fact that appellant paid the rent up to the fire, and no longer, that it contended that it was no further liable; but payment of rent, whether part or all that is due, is not a fact from which, without more, a surrender may be implied. No surrender was attempted to be made, and it does not appear to have been thought of by either of the parties.

3d. It is contended that the premises were not restored within a reasonable time after the fire.

Appellee was under no covenant to repair the premises. He might have collected his rent, as we have already seen, without restoring the premises at all. In fact, appellee's landlord restored the entire premises without being bound to do so, and that was for the advantage of appellant. But appellee was under no rule of diligence in having that done which he was under no obligation to do. Whether the repair of the building took longer than was necessary or not, appellant was in no position to complain.

4th. It is insisted that entering upon the building and the premises in question, by the owner of the building for the purpose of carrying on the restoration, was an eviction of appellant.

The evidence shows that the owner of the building, with appellee's consent, entered upon the premises and restored the building, including the portion leased to appellant, to a tenantable condition. It also shows that appellant left the premises on account of the fire, and before any repairs were commenced, rented permanent quarters elsewhere, with the intention not to return to this building. Appellant's manager told appellee that it had nothing to do with the premises, and that he might relet them if he pleased. In fact, then, appellant had abandoned the premises before there was any entry upon them for the purpose of repairing, and under the terms of the lease appellee had the right to enter and relet the premises, and also, it must be held, if necessary to restore them to a proper condition for occupancy.

But an entry on premises of a tenant to restore them to a tenantable condition, is not an act indicating an intention to evict. In Izon v. Gorton, 5 Bing. N. C., 501, the defendants were tenants from year to year of the upper floors of a warehouse, which were accidentally damaged by fire so as to be altogether untenantable until restored by the plaintiff, some seven months after the fire. The defendants declined to occupy the rooms any longer, or to pay any rent subsequent to the fire, and it was contended that the entry by the landlord to rebuild, was an eviction. After holding that the fire did not terminate the tenancy, the court disposed of the point of eviction as follows: "Here, nothing was done by the landlord to take away the continuance of the occupation or enjoyment by the tenant; for it would, as it appears to us, be unreasonable to hold that the landlord's act in replacing the floor and repairing the walls of the defendants' rooms amounted to an eviction."

In Conn. Mu. L. Ins. Co. v. United States, 21 Court of Claims, 195, the Government occupied part of the Honore Block for a post-office, paying rent to the plaintiff. The post-office was driven out by a fire January 4, 1879. Plaintiff repaired and put the premises in condition for occupancy by the middle of February, and notified the United States of the fact. March 12, 1879, the United States said that the post-office would not return to the premises.

On the point now under discussion, the court say: "Nor was the tenancy terminated by the entry of the landlord to repair the damage caused by the fire.   We are referred by the Government in support of their contention in this regard to the case of Magaw v. Lambert, 3 Pa. St. 444; but there the court say that 'the question on the merits is one of fact, not of law,' thus confining their proposition, itself frankly hypothetical, to the particular case before them.   The rule seems to be that there is no eviction unless the tenant abandon the premises because of the acts of the landlord, claimed to operate as an eviction.   Wood's Landlord and Tenant, Sec. 431, p. 801.   But the Government left the building because of the fire, and afterward the landlord came in to repair, as he was in duty bound, to remedy the very mischief which had caused the departure of his tenants.   The entry of the landlord for this purpose was lawful and commendable, and can not justly be held to entail the consequences for which the Government contends."   See, also, Smith v. McLean, 27 Ill. App. 451.

Hoeveler v. Fleming, 91 Penn. St. 322, cited by appellant, is no doubt directly in point in support of appellant's contention, but we are of opinion that the proper rule is stated in the case above cited, and that the Pennsylvania court has run counter to the current of authority, and the justice of the matter.

We have examined appellant's instructions refused, and the instruction given by the court, and we are of opinion that in the court's action in that regard, there is no error against appellant which authorizes the reversal of this judgment at his instance.

The plaintiff below, appellee here, asked the court to instruct the jury that he was entitled to recover full rent from the 10th of January, 1888, to the time of bringing suit, but the court instructed the jury, in substance, that appellant was not liable for rent during the time that the premises were being repaired; that during that time rent was suspended. To this, appellee excepted, and on it has assigned cross-error here.

There was, under the facts of this case, no suspension of

the rent. Authorities already cited, show that appellee was entitled to all the rent that accrued from the time of the fire.

The court's ruling deprived appellee of $555.56, to which he was entitled. Upon this error, as it is pressed, we are compelled to reverse the case. The judgment will, therefore, be reversed at appellant's cost (Mead v. Monson, 60 Ill. 46), and remanded to the Superior Court.

*Reversed and remanded.*