### EUGENE M. JOSLIN v. JOHN McLEAN.

*Landlord and tenant—Surrender of premises.*

This case is ruled by *Stewart v. Sprague*, 71 Mich. 50, and *Scott v. Beecher*, 91 Id. 594.

Error to Saginaw. (Edget, J.) Submitted on briefs February 16, 1894. Decided March 27, 1894.

*Assumpsit.* Defendant brings error. Affirmed.

Plaintiff sued defendant for rent accruing upon a written lease. The defense was an accepted surrender of the premises. The court below held that there was no question for the jury, but that the case was governed by *Stewart v. Sprague*, 71 Mich. 50, and *Scott v. Beecher*, 91 Id. 590, and directed verdict for plaintiff, with the following remarks:

" It appears that a lease was made in the case at bar on the 24th day of April, 1890, and extending for a period of one year, by the plaintiff with the defendant, whereby the defendant undertook to pay at the rate of

$14 per month, monthly in advance, during the entire period of 12 months ensuing the date of rental. That imposes an obligation upon his part to pay the full sum of $168 for the accrued rental of that year, and he could not, of his own motion, on any proof in the case, terminate that rental, and release himself from the obligation to pay that, without the consent of the landlord. * * * But it appears that on the 14th day of October of the same year the defendant wrote a letter to the plaintiff, inclosing him the rental that was due from the previous payment of September 24 up to the 14th day of October, and stating to him, substantially, that he proposed to vacate the premises, and also inclosing the key, and deposited that in the box for the reception of mail at the office of Mr. Joslin. There was no interview between the parties; nothing that would indicate the permission of the plaintiff to vacate the premises at the time of the surrender of this key, except as contained in this letter. * * * Mr. Joslin appears, under the evidence in the case, after the premises have been vacated by the defendant, to have taken possession, put up his card 'To Rent,' and undertaken to rent the premises, and, as he claims, thereby diminishing the loss that might ensue by their being vacant. I charge you, as a matter of law, that he was exercising the right, as landlord, that he ought to exercise, on the surrender of this key; that the key was surrendered by letter deposited in the box, and coming into his hands without any express notification of the reasons why he vacated the premises. There was no duty upon his part to search out the defendant, and to serve him with notice, in any formal fashion, that he proposed to hold him for the rent; and it was his duty, as a landlord, —the defendant having actually vacated the premises, and surrendered the key, which was the evidence of his dominion,—it was the duty and the right of the plaintiff to take possession, which he did take, and undertake to diminish as far as possible the resulting damage by renting it to other parties; and I think he may do that without any formal notice, upon his part, to the defendant, that he proposed to hold him for the rent, because, as I have said, the key was surrendered in a method which precluded the plaintiff from stating at the time of the receipt of the key that he proposed to hold the defendant for the rent. The defendant himself selected a method of surrendering the key,

instead of going personally to the plaintiff, and taking it back, and getting his statement of whether he accepted it conditionally or unconditionally. He elected to leave it, and leave it in such a way as there could be no answer on the part of the plaintiff as to whether he accepted it conditionally or otherwise, unless he sought out defendant after the premises had been vacated, and expressed the fact to him. I do not understand he could throw any such burden upon the plaintiff. The plaintiff, therefore, having pursued the rights he was entitled to pursue, is entitled, in this case, to hold the defendant for the payment of the accrued rent."

*Trask & Smith,* for appellant.

*Wood & Joslin,* for plaintiff.

HOOKER, J. The only question in this case is whether there was the evidence of a surrender of defendant's leasehold interest sufficient to require the trial court to submit the case to a jury. As stated by the learned circuit judge, the cases of *Stewart v. Sprague,* 71 Mich. 50, and *Scott v. Beecher,* 91 Id. 594, are conclusive of this controversy, which it would be profitless to discuss further.

Judgment affirmed.

The other Justices concurred.