Mary Rich, Respondent, *v.* John Doyenn, Appellant.

*Landlord and tenant — a second letting during the term of a lease, the lessee under which abandoned the premises as untenantable — liability for rent.*

Where a lessee of premises removed therefrom, claiming that the premises were in an untenantable condition, the fact that the lessor, five months after such removal, leased such premises to another person at a reduced rate does not estop him from recovering from the original lessee the difference between the amount of rent due and reserved by the lease and the amount received by the lessor as rent of the premises subsequent to the removal of such lessee and during the term reserved by the lease.

Appeal by the defendant, John Doyenn, from a judgment of the County Court of Erie county in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 12th day of May, 1892, upon the report of a referee.

*O. C. De Witt* and *Henry W. Brush*, for the appellant.

*E. A. Hayes*, for the respondent.

Lewis, J.:

This action was brought against the defendant to recover rent alleged to be due the plaintiff for the use of premises consisting of the first floor and two rooms upon the second floor of a building on Seneca street in the city of Buffalo, under a written lease executed by the parties. The term was for three years commencing on the 1st day of May, 1888. The rent secured by the lease was $300 a year, payable in monthly installments of $25 in advance. The defendant took possession of the leased premises and continued in occupation thereof until the 15th day of October, 1889, when he vacated them for the alleged reason that they had through the fault and negligence of the plaintiff become untenantable, owing to defective sewerage and plumbing which allowed filth and water to accumulate in the cellar of the building. The defendant paid the rent as it came due up to and including the month of October, 1889, and thereafter neglected to pay rent. The premises remained vacant for five months after defendant left them. The plaintiff then leased them to another tenant for eighteen dollars a month. This action was commenced on the 19th day of June, 1890.

There was nothing in the lease requiring the plaintiff to make repairs upon the premises. It contained the ordinary clause requiring the tenant to keep the premises in good repair.

The defense interposed and relied upon by the defendant was, *first*, that the premises had become untenantable; and, *second*, that the plaintiff consented to cancel the lease by accepting the key of the house and taking possession of the premises. There was evidence tending to show that when the defendant took possession of the property there was water in the cellar which was pumped out from time to time. There was no sewer in the street in front of the premises, and none in the cellar at the time of the leasing. Afterwards, and in the spring of 1889, a sewer was constructed in the street in front of the premises, which was connected with the cellar of the house by a sewer in a proper manner so as to drain the water from the cellar. A stench trap was put into the sewer in the cellar which prevented the sewer gas from entering the cellar. The evidence upon this question was conflicting, as was the evidence as to whether the plaintiff accepted the key of the house and consented to cancel the lease. The referee, upon sufficient evidence, found for the plaintiff upon these questions.

The lease provided that the plaintiff should construct a barn for the use of the defendant. The plaintiff failed to fully perform her agreement in that respect, and the referee allowed the defendant a counterclaim for twenty-five dollars on account of work and materials which he furnished to complete the barn.

Reletting the premises, under the circumstances disclosed, did not estop the plaintiff from claiming of the defendant the seven dollars a month difference between the amount defendant had agreed to pay and the eighteen dollars a month paid by the new tenant. Reletting the premises did not give the defendant any cause for complaint, for he was thereby benefited to the extent of eighteen dollars a month during the remainder of the term of the lease. (*Doolittle* v. *Selkirk*, 28 N. Y. Supp. 43; *Winant* v. *Hines*, 6 N. Y. St. Repr. 261; *Joslin* v. *McLean*, 99 Mich. 480.)

The referee inadvertently, presumably, included in the amount which he found to be due the plaintiff seven dollars a month for ten months after the commencement of the action, making in all seventy dollars, to which he added interest upon the sums, respectively, as

they fell due.  This was improperly included in his report and in the judgment.

The judgment should be reversed and a new trial granted, with costs to abide the event, unless the plaintiff within twenty days give to the defendant a written stipulation consenting to reduce the judgment to the extent mentioned; in case stipulation be so given the judgment, as so modified, should be affirmed, but without costs of this appeal to either party.

DWIGHT, P. J., and BRADLEY, J., concurred.

Judgment reversed and a new trial granted, with costs to abide the event, unless the plaintiff within twenty days stipulates to reduce the judgment as indicated in the opinion, and in that event judgment so modified affirmed, without costs of this appeal to either party.