Humiston, Keeling & Co. v. Wheeler.

# Humiston, Keeling & Co. v. Charles G. Wheeler.

1. LEASE—*What Passes as Appurtenances.*—The lease of a building with the appurtenances passes the land upon which it stands and that appurtenant thereto, to the lessee, and a partial destruction of the building by fire does not terminate the lease.

2. EVICTION—*What is Not.*—The fact that a landlord re-enters upon leased premises and repairs a building damaged by fire without objection on the part of the lessee, and requests such lessee to remove his effects from such building, does not amount to an eviction.

3. LANDLORD AND TENANT—*When the Landlord May Relet for the Benefit of the Tenant.*—Where the lessee of a building damaged by fire permits the landlord to repair the same, but vacates the premises, insists that the lease is terminated and refuses to pay rent, the landlord may relet the same for the benefit of such tenant lessee, and his liability for rent will be diminished to the amount of rent from such reletting.

4. SAME—*Acceptance Necessary to a Surrender.*—A surrender of premises by a tenant during a term to be effectual so as to amount to a termination of the tenancy must be accepted by the landlord.

5. SAME—*Re-entry for Making Repairs Not an Eviction.*—Taking possession of premises damaged by fire, by a landlord, with the apparent consent of a tenant, for the purpose of making necessary repairs, is not an eviction, nor is a tenant who has abandoned the premises and refused to pay rent relieved from liability by the action of the landlord in renting the premises to another party, save to the extent of the rent received by the landlord on account of such renting.

Debt, for rent.   Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding.   Heard in this court at the March term, 1897.   Affirmed.   Opinion filed June 14, 1897.

## STATEMENT OF THE CASE.

This suit was brought by the appellee (plaintiff below) to recover rents for certain parts of the premises known as 143 and 145 Lake street, from March 13, 1891, to May 1, 1892, less the sum of $2,400, $300 of which was obtained by the appellee for temporary lease in the fall of 1891, and the remainder, $2,100, for rents received at the rate of $525 per month, for January, February, March and April, 1892.

The record shows that plaintiff rented to appellant certain premises at 143 and 145 Lake street, Chicago, from

May 1, 1890, to May 1, 1892, at $400 per month—$200 to be paid in cash and $200 to be paid in trade. The building was five stories high, and the premises rented were Nos. 143 and 145 Lake street, except the fourth floor and stairway leading thereto, part of the basement and second floors, use of gas engine for grinding drugs, and of pumps and engines for raising water to the fourth floor, etc.

On the night of March 13, 1891, a fire took place which burned out most of the interior—leaving the walls standing, also a portion of the third and fourth floors and the entire first floor and basement—the first floor being covered with debris from the other floors.

On the morning of March 17th appellee claims to have met Humiston at the building, and that Humiston asked him if he should rebuild, and that he replied he would do so as soon as possible—and that either Humiston or Keeling told him they (the defendant) had taken a new store.

. He further claims to have called on them at the close of March, and asked for rent for the month of March, and that they paid him $\frac{13}{31}$sts of a month's rent, or $\frac{13}{31}$sts of $200.

That he then refused to sign a receipt in full, but took the money on account. That they then told him they had taken a new store, and that he then said he "had let the contract for repairing the old store," and "that he expected them to occupy it or find a tenant."

All of these conversations, however, are specifically denied by both Humiston and Keeling, and defendant claims that the only commuication had (prior to June 6th) was the receipt of a postal card which Wheeler admits sending on April 24, 1891, which was addressed to defendant, and is as follows:

"Please remove your barrels, empty and full ones, from 143 Lake St., to-morrow, Friday, as they are in the way of my contractors."

Appellant claims that there was no payment made on the last of March; but that $100 was paid on April 29, 1891.

Appellee admits the payment of all rents accrued prior to the fire of March 13th.

At the end of March, after the fire, appellee told defendant that he was "going to rebuild." On the 24th of April appellee begun rebuilding the structure.

Appellee took possession of the entire building and premises and rebuilt the structure. It was completed about June 6th, and on that day Wheeler wrote appellants advising them that the building was ready for occupancy, and requested them to return as his tenant.

Appellant answered on June 8th, saying it had not been his tenant since the morning of March 14th.

Appellee placed the premises in the hands of an agent for rent as early as May 27th, at $6,500 per year. Appellant was paying only $4,800 per year, one-half cash and one-half in trade.

In December of 1891, plaintiff rented the store of the premises to a clothing house for about $300, and for January, February, March and April, 1892, he obtained rent at the rate of $525 per month for the entire premises.

Under these circumstances this suit is brought to recover the entire rental of $400 per month, under the lease, from the time of the fire, March 13, 1891, up to May 1, 1892, less only the amounts received as above, and with interest on all installments, and verdict and judgment were rendered in the court below accordingly.

The lease in this case contains no covenant to repair by the landlord; it in terms gives no right of re-entry to the landlord.

Nor does this lease grant to the landlord any right to relet the premises.

The tenants were to return the property in as good condition as when entered upon, "loss by fire, or unavoidable accident, or ordinary wear excepted."

FLOWER, SMITH & MUSGRAVE, attorneys for appellant.

Where, as in this case, only a portion of a building is rented and the building is destroyed by fire, or that portion rented is destroyed by fire, the lease is terminated. Taylor on Landlord and Tenant, Sec. 520; Wood on Landlord and Tenant, (2d Ed.), pages 1032 and 1033; Shawmut Bank v.

Boston, 118 Mass. 125; Harrington v. Watson, 50 Am. Rep. 465, and note on page 469, and cases cited therein; Porter v. Tull, 22 L. R. Ann. 613, and note appended; 12 Am. and Eng. Ency. 757.

The landlord, Wheeler, being given no right of re-entry by his lease under any circumstances, having entered therein and taken exclusive possession of the premises, and rebuilt the building, was guilty of a total eviction, and even if his acts were with the consent of the tenant, it constituted a surrender of the lease. McGaw v. Lambert, 3 Pa. St. 444; Hoveler v. Fleming, 91 Pa. St. 324; Halligan v. Wade, 21 Ill. 470; Taylor on Landlord and Tenant, 5th Ed., Sec. 378, pages 276 and 277.

SIGMUND ZEISLER, attorney for appellee.

The tenant must not only abandon the premises, but it must also appear that he abandoned them on account of the acts of the landlord, which are claimed to operate as an eviction; and if his abandonment was due to other causes, in part even, he can not set up such acts in defense to an action for the rent. Wood, Landl—d and Tenant, (2d Edition), page 1107.

If the tenant abandons the premises before the expiration of his term, the landlord has a right to re-enter. 12 Am. & En. Ency. of Law, 684.

The landlord has an unquestioned right to re-enter demised premises for the purpose of making such repairs as are indispensable to the preservation of the reversion. 12 Am. & En. Ency. of Law, 725.

By the common law, where the tenant abandons the premises during the term without fault of the landlord, it is no relief from the payment of rent. The landlord may thereupon take possession, re-rent and credit the first lessee with the proceeds. 12 Am. & En. Ency. of Law, 751.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The lease being of the premises, 143 and 145 Lake street, " with the appurtenances," except certain portions of the

building, the land upon which the building stood and that appurtenant thereto, passed to the lessees.    Wood on Landlord & Tenant, Sec. 212; Sherman v. Williams, 113 Mass. 481; Shep. Touchstone, 94.

Such being the case, the partial destruction of the building did not terminate the lease.    Nonotuck Silk Co. v. Shay, 37 Ill. App. 542.

Did appellee, by rebuilding, release appellant from its liability as a tenant ?

Had appellee done nothing, appellant would have had to pay rent to the end of the term, for a building which, in the condition it was left by the fire, was useless.    The act of appellee in rebuilding was therefore in the highest degree beneficial to appellant.    So far from the rebuilding being a thing of which appellant may justly complain, it was for its interest and benefit, and went on without its protest.

There was, by appellee, no interference with appellant's possession, save such as was necessary in order to rebuild, and none to which appellant objected.

Appellant was by the fire driven out of the building; only a small quantity of its goods remained in the premises. Doubtless it could have insisted upon its right to full possession of all it had rented, and thus prevented a rebuilding by appellee, or it might itself have rebuilt, but it evinced no disposition to do either.

Neither the rebuilding by appellee nor the request to appellant to remove its barrels, etc., was an eviction.    Wood, Landlord and Tenant, Sec. 481; Nonotuck Silk Co. v. Shay, 37 Ill. App. 542.

Did the offer by appellee to rent the premises, and the actual renting of them by him, discharge appellant from its liability ?

Before this was done, appellant had not only stopped paying rent, but insisted that its tenancy was at an end.

The reletting of the premises was for the benefit of appellant, as thereby the amount of its liability was diminished.    Scott v. Beecher et al., 91 Mich. 590; Rich v. Doyenn, 85 Hun, 510; Lane v. Nelson, 31 Atl. Rep. 864.

Whenever a breach of contract is made, the party against whose right the breaking is should endeavor to make the consequent damage as light as possible.    Sutherland on Damages, Vol. 2, 473; Joslin v. McLean, 99 Mich. 4S0.

A surrender of premises by a tenant during a term, to be effectual so as to amount to a termination of the tenancy, must be accepted by the lessor.

In the present case appellee refused to accept the surrender, and notified appellant that the building was ready for its occupancy.

Taking possession of premises by a landlord, with the apparent consent of a tenant, for the purpose of making necessary repairs, is not an eviction; nor is a tenant, who has abandoned premises and refused to pay rent, relieved from liability by the action of his landlord in renting the premises to another party, save to the extent of the rent so received by the landlord from another.    Nonotuck Silk Co. v. Shay, 37 Ill. App. 542; Scott v. Beecher, 91 Mich. 590; Stewart v. Sprague, 71 Mich. 50; Rich v. Doyenn, 85 Hun, 510; Joslin v. McLean, 99 Mich. 480.

The judgment of the Superior Court is affirmed.