Ira S. Post *v.* George K. Brown.*

(*Nashville.* December Term, 1919.)

1. **LANDLORD AND TENANT.** Destruction by fire of entire building does not terminate lease.

In the absence of statutory regulation or contractual relation to the contrary, the destruction by a fire of an entire building does not terminate a lease thereon, nor operate to relieve a lessee from the payment of rent for the remainder of his term. (*Post, p.* 306.)

Case cited and approved: Railroad v. Heikens, 112 Tenn., 387.

2. **LANDLORD AND TENANT.** Destruction of leased premises where only part of entire premises is leased terminates contract.

Where only a part of a building, an apartment, room, or space, as distinguished from an entire structure, is leased, destruction by fire or other cause puts an end to the contract, and absolves the lessee from the payment of rent. (*Post, p.* 306.)

Cases cited and approved: Ainsworth v. Mt. Moriah Lodge, 172 Mass., 261; Chamberlain v. Godfrey's Adm'r, 50 Ala., 530; McMillan v. Solomon, 42 Ala., 364; Waite v. O'Neil, 76 Fed., 408.

3. **LANDLORD AND TENANT.** Lease of part of entire premises not terminated by fire which merely interrupts use of such part.

Where part of certain premises was leased and a fire in such part did not entirely destroy it or render it untenantable, so that the damage merely caused a temporary interruption of the use of the premises which might be remedied with reasonable dispatch, the lease was not terminated, and upon repair being made by the lessor the lessee is obligated to the payment of the stipulated rent; the mere impairment of use as distinguished from destruction not depriving the lessee of all interest. (*Post, pp.* 306, 307.)

---

*On the question of rights and liabilities of tenant on destruction of leased building by fire, see note in 22 L. R. A., 613.

Post v. Brown.

Cases cited and approved: Humiston, Keeling & Co. v. Wheeler, 175 Ill., 514; Conn. Mutual Life Ins. Co. v. U. S., 21 Ct. Cl., 195; Nonotuck Silk Co. v. Shay, 37 Ill. App., 542.

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County. —Hon. W. B. Garvin, Chancellor.

Cantrell, Meacham & Moon, for Post.

Fred A. Noll, for Brown.

Mr. Justice Bachman delivered the opinion of the Court.

Complainant was the owner of a two-story brick building in the city of Chattanooga, and on August 12, 1916, leased the basement and first floor of the same to the defendant for a term of 12 years. No obligation for the repair of the demised premises by either of the parties was imposed by the terms of the lease, and the only reference to a destruction of the premises by fire is contained in the covenant of the lease to return the same at the expiration of the term "in as good order as received, ordinary wear and tear and natural decay excepted, unless destroyed by lightning or other natural cause, or fire not caused by his fault."

On January 31, 1918, a fire originating in the adjoining building destroyed the roof, and severely damaged the second story of the leased building. No damage was done by fire to that part of the building occupied by the defendant, but injury to the premises and

20.—142 Tenn.

contents resulted from the use of water. Settlement of his fire, loss was effected by the complainant on February 26th, following the fire, and he immediately began the repair of the building, which was completed the latter part of April, the roof being finished by the 20th of March. The defendant assumed his tenancy terminated by the fire, and vacated the premises, delivering the keys to the building to the complainant on March 12th.

It appears that in 1905 the complainant leased the land on which the building is situated to a merchantile concern which, under the agreement entered into between them, was to erect thereon and upon adjacent property a single building which at the expiration of the lease was to be permanently divided or partitioned by a suitable wall, and the complainant was to become the owner of that part of the building resting within his property lines. This was accordingly done, and complainant's building went into the possession of the defendant under the lease here in question.

The present action is to recover for a years' rent, less that for the two months during which the building was undergoing repairs. Several questions are presented, but our attention is confined to that of the effect of the fire as terminating the lease. We are not concerned with the method of construction employed by the parties in carrying out their agreement to make two separate tenements of the original building; it is a matter in which the defendant is not interested, nor of which he can complain here; for the ownership of his lessor was in no wise connected with or dependent

20—142 Tenn.

upon that of adjoining property, and the destruction of the latter cannot affect his *status*.

In the absence of statutory regulation or contractual relation to the contrary, the destruction by fire of an entire building does not terminate a lease thereon, nor operate to relieve a lessee from the payment of rent for the remainder of his term. *Railroad* v. *Heikens,* 112 Tenn., 387, 79 S. W., 1038, 65 L. R. A., 298, cases cited.

It is likewise settled that where only a part of a building, an apartment, room, or space, as distinguished from an entire structure, is leased, destruction by fire or other cause puts an end to the contract, and absolves the lease from payment of rent. *Ainsworth* v. *Mt. Moriah Lodge,* 172 Mass., 261, 52 N. E., 81; *Chamberlain* v. *Godfrey's Adm'r* 50 Ala., 530; *McMillan* v. *Solomon,* 42 Ala., 364, 94 Am. Dec., 654; *Waite* v. *O'Neil,* 76 Fed., 408, 22 C. C. A., 248, 34 L. R. A., 550.

The reason for the application of a different rule in cases of the demise of an entire structure and of only a part thereof is, as pointed out by the authorities, that in the former case an interest in the land on which the building is situated still remains in the lessee, and is subject to his control, while in the other case all interest is extinguished and the contract necessarily ends.

Neither of the foregoing principles apply to the facts of the present case. While it is to be seen that the contract between the parties involved only a part of the premises, yet the effect of the fire on that part did not amount to that destruction, or render the same untenantable to that extent found in those cases holding the

lease terminated. We think the proper rule to be applied under such circumstances is that where the damage is such as to cause a temporary interruption of the use of the property, which may be remedied with reasonable dispatch, the lease is not terminated, and, upon repair being made by the lessor, the lessee is obligated to the payment of the stipulated rent. The mere impairment of a use as distinguished from its destruction does not deprive the lessee of all interest, and correspondingly does not relieve him from all liability.

See in accord *Humiston, Keeling & Co.* v. *Wheeler*, 175 Ill., 514, 51 N. E., 893; *Conn. Mutual Life Ins. Co.* v. *U. S.*, 21 Ct. Cl., 195; *Nonotuck Silk Co.* v. *Shay*, 37 Ill. App., 542.

The lessor here promptly made the repairs necessary for the enjoyment of the premises by the leasee, and we are of the opinion that the decree of the chancellor was correct in holding that the fire did not terminate the lease, but that the defendant was liable for the rent accruing after necessary repairs had been made by the complainant.