# T. P. GREENE v. T. J. DONNELL.

Western Section.    April 3, 1930.

Petition for Certiorari denied by Supreme Court, June 28, 1930.

Pierce & Fry, of Union City, and Morris & Morris, of Obion, for appellee.

W. M. Miles, of Union City, for appellant.

OWEN, J.    The defendant below, T. J. Donnell, has appealed from a decree rendered in the Chancery Court of Obion county.

The instant suit grew out of a controversy as to the rights of the parties to this suit under a contract in regard to a garage building in the town of Troy, Tennessee, which the defendant had leased to the complainant and which building was destroyed by fire. Both parties are citizens of Obion county. The defendant owned a lot in the town of Troy, situated on the southeast corner of the public square of said town, facing north on said square and east on Highway #3 as it entered said square. Said lot was sixty feet by sixty feet. The defendant had used the building on said lot for a garage. On the 15th day of August, 1924, the defendant sold his garage business to the complainant and rented or leased to the complainant, the garage building and entered into the following contract:

"State of Tennessee:

"Obion County:

"This agreement or contract entered into this day, between T. J. Donnell and Perry Greene, Witnesseth that whereas the said T. J. Donnell has this day sold out his entire garage business together with the good will in same to the said Perry Greene, now in consideration of the sum of twenty ($20) dollars per month, to be paid on the first day of every month in advance, beginning with the month of September, 1924, the said T. J. Donnell hereby rents to the said Perry Greene his building located on the south east corner of the public square in Troy, Tennessee, in which the above mentioned garage business has been conducted to date, that is only the office and shop room of same, the ware room at the rear of the office being retained by the said Donnell, for the period of one year from the date hereof.

"And it is also agreed to by both parties and hereby made a part of this contract, that at the expiration of the above mentioned period of one year, the said Perry Greene is to have the refusal (at his option) of the said building for a period of either five or ten years as he may select or determine, and at the same rental of twenty dollars ($20) per month for the period of time he may determine, the same as for the one year period heretofore mentioned.

"In testimony of which we have hereunto set our hands interchangeable this the 15th day of August, 1924.

"T. J. Donnell,

"T. P. Greene."

This contract was later acknowledged by the complainant and registered in the Register's Office of said county. The complainant paid the rent of $20 per month regularly in advance until May 28, 1928, when the buildings rented by the complainant were destroyed by fire. It appears that after the fire the complainant moved a small house on wheels on said lot, or where his garage business had been operated and continued to operate a filling station. Sometime after the fire a controversy arose as to whether or not the lease

had been terminated or whether the complainant could force the defendant to rebuild on said lot. A few months after the fire the defendant instituted an unlawful detainer suit before a Justice of the Peace against the complainant. The bill in the instant case was filed on October 26, 1928, to enjoin the suit the defendant had instituted before a Justice of the Peace, to have the contract between the complainant and the defendant construed and the Chancery Court to declare the rights of each party and the complainant also insisted that he was entitled to damages by reason of the defendant not rebuilding on said lot and complainant asked that the defendant be required to construct a suitable building on said lot to be used in his business until the expiration of said lease; that if he be mistaken as to this right then defendant would be required to pay complainant just and adequate damages for his failure so to do. The defendant demurred to this bill and that portion of the demurrer wherein complainant sought to have the defendant rebuild on said lot for the use of the complainant and also that portion of the bill wherein the complainant sought to have the defendant pay damages was sustained, the remaining grounds of said demurrer were overruled. The defendant thereupon answered and insists that the contract was void; that the lease had expired by reason of the fire; that the contract came within the purview of the statute of frauds and the defendant relied, in his answer, on the grounds set forth in his demurrer, with the court had overruled. By consent the cause was heard before the Chancellor upon oral testimony. The testimony of the witnesses to be transcribed and treated as depositions of the witnesses. At the conclusion of the proof the Chancellor sustained complainant's bill; he filed a memorandum opinion in the instant case which is as follows:

T. P. Greene,
    v.           No. 2165.
T. J. Donnell.

## MEMORANDUM.

On the 15th day of August, 1924, the defendant, T. J. Donnell, and the complainant, T. P. Greene, entered into a lease contract.

The complainant, Greene, remained in possession of part of the buildings on the lot until the 28th day of May, 1928, when all of the building was destroyed by fire, Greene is still in possession.

On the 10th day of October, 1928, the defendant, Darnell commenced before a Justice of the Peace, an unlawful detainer suit.

This bill was, thereupon, filed seeking to have the unlawful detainer suit enjoined and to have that court determine the rights of the parties.

Construction of the lease contract.

Complainant contends that his lease covered all of the buildings on the lot. Defendant contends otherwise.

There is no description of the lot. The only description is:

"The said T. J. Donnell hereby rents to the said Perry Greene his building located on the southeast corner of the public square in Troy, Tennessee, in which the above-mentioned garage business has been conducted to date, that is only the office and shop room of same, the ware room at the rear of the office being retained by the said Donnell, for the period of one year from the date hereof.

"And it is also agreed to by both parties and hereby made a part of this contract, that at the expiration of the above-mentioned period of one year, the said Perry Greene is to have the refusal (at his option) of the said building for a period of either five or ten years as he may select or determine."

I think the preponderance of proof is with the defendant: and that the use of the ware room was reserved for the full time. The following diagram represents, approximately the three divisions of the building:

Complainant contends that he did exercise his option to continue the lease for the period of ten years. And I think that so from the preponderance of proof.

After the fire, it appears that both parties were much in the dark in respect to their rights. Complainant believed the defendant was obligated to rebuild. Defendant believed that he was not required

to rebuild; and that complainant had no right to rebuild.

Complainant continued to pay the monthly rental until the first of June, 1928, he has paid no rent since that time. The defendant, Donnell, made formal demand for the past due rent on the first day of September, 1928, on the premises, the day for payment. The defendant, Donnell, insists that there was a forfeiture because of the failure to pay rent. The lease contract contains no provision for a forfeiture, and contains no provision for a re-entry. Hence I am of the opinion that the landlord could not maintain his unlawful detainer on the ground that the rent had not been paid.

Defendant also claims that, because the lease did not cover the entire building, the lease was terminated when the building was destroyed by fire.

I am cognizant of the general rule that, where the lease is of a part only of a building, destruction of the entire building by fire will work a termination of the lease. (112 Tenn., 378 and 142 Tenn., 304).

But I think that rule is not applicable in the instant case. Here all of the building was leased to the tenant, with a reservation of one part of the building. And the part reserved was so inconsiderable and its use of so little value, as shown by the proof, that it cannot be deemed a very material part of the premises.

Of course the landlord was not required to rebuild.

Equally of course, the tenant had a right to rebuild, but at his own expense, and without any right of removal.

Of course the tenant is liable for rents, with interest from the time each installment was due.

I am further of opinion that the complainant, Greene, should pay one-half of the costs of the cause, and that the defendant should pay the other one-half.

Decree Accordingly,
Holmes, Chancellor.''

In addition to the foregoing opinion the Chancellor added to this memorandum as follows:

''Complainant contends that he did exercise his option to continue the lease for the period of ten years. And I think that so is the preponderance of proof.'

''I was then of the opinion (and I still have that opinion) that, this contract cannot be held to be a lease for more than one year, except upon the theory that it was optional with complainant to make it a lease for ten years, beginning with the date of the contract.

''Whether the complainant is liable for reasonable rental of the part of the lot covered by the ware room. He has been in possession claiming to hold under the lease contract and should pay rent.

"The injunction against the unlawful detainer suit should be modified, so as to permit execution of the past due rents, if defendant desires collection of all rents may be enforced in this cause.

"A reference should be ordered here to ascertain the rental value of the part of the lot covered by the ware room.

"Holmes, Chancellor."

To the decree in favor of the complainant which is in conformity to the opinion of the Chancellor, which we have set out in this opinion, the defendant excepted, prayed and was granted an appeal to this court after his motion for a new trial had been overruled, and the defendant has assigned seven errors. These errors raise the following propositions:

"(1)  The court erred in decreeing that the complainant, Greene, exercised his option to continue the lease for a term of ten years from its date.

"(2)  The court erred in decreeing that the total destruction of the garage building did not terminate the lease on the land subjacent to the office and shop rooms of the former garage building.

"(3)  The court should have sustained defendant's demurrer and dismissed complainant's bill because the complainant had a plain and unembarrassed remedy in a court of law, in defending the unlawful detainer suit.

"(4)  The court should have held that the defendant's refusal to pay rent worked a forfeiture of his lease contract.

"(5)  The court erred in taxing defendant with one-half of the costs."

As to the first assignment, we find from a preponderance of the evidence that Greene exercised his option to hold the premises for ten years, he told Donnell just before the first year expired and Donnell acquiesced in this and collected his $20 per month until the destruction of the buildings by the fire.

We are of the opinion that the court had jurisdiction of this cause; it was called on to construe a contract that was somewhat ambiguous and the demurrer as to the jurisdiction was properly overruled. As to the taxation of costs, this is always within the sound discretion of the Chancellor and in the instant case the Chancellor did not abuse his discretion and as to the question of the lease being terminated by the fire and the Chancellor not declaring a forfeiture for the non-payment of rents, we will dispose of these two questions together.

There was no clause in the lease contract whereby it was provided that the lease could be determinated if Greene failed to pay his rent. A failure to pay rent does not work a forfeiture. 16 R. C. L., 1126.

The lease in the instant case is not void because of an indefinite description of the property leased

In Case v. Brier Hill Collieries, 145 Tennessee, page 11, it was held as follows:

"It may therefore be stated on the authority of the foregoing cases that a description of land is good within the statute of frauds which on its face appears to refer to some definite tract, and which by the aid of parol proof can with reasonable certainty be applied to designate such tract."

We are of the opinion that the lease was not terminated by the fire or destruction of the buildings leased.

The shed room reserved by the lessor was used jointly by both the lessor and the lessee. Greene had in this shed room some old worn-out automobiles, worthless casings, and other junk. Donnell kept a car in the shed room, a work bench, some tools, and a boat. Each party had access to the shed room.

In the case of Post v. Brown, the Supreme Court of Tennessee has said:

"In the absence of statutory regulation or contractual relation to the contrary, the destruction by fire of an entire building does not terminate the lease thereon, nor operate to relieve a lessee from the payment of rent for the remainder of his term.

"It is likewise settled that where only a part of a building, an apartment, room or space, as distinguished from an entire structure, is leased, destruction by fire or other cause puts an end to the contract, and absolves the lessee from the payment of rent." Post v. Brown, 142 Tenn., 307, citing: Ainsworth v. Mt. Moriah Lodge, 172 Mass., 261; McMillan v. Soloman, 42 Ala., 364, 94 Am. Dec., 654; and numerous other cases.

"In case of a lease of a portion of a building, such as rooms or apartments, the lease does not carry, as distinguished from the whole building, any interest in the subjacent soil, except so far as necessary to the enjoyment of the demised premises, and the destruction of the building brings the interest of the lessee to an end." 16 R. C. L., sec. 200.

In Railroad v. Heikens, 112 Tenn., 386, our Supreme Court held that where the property rented is a room or apartment in a building or cellar, or some part of the building as distinguished from the whole building.

The Supreme Court said:

"Where a building is rented without any language indicating that only the building itself is leased, as distinguished from the subjacent land, both the building and the land pass under the lease, and a destruction of the building will not end the lease, but the lease will continue to the end of the term, and the lessee is liable for the rent up to the expiration of such term."

In the instant case Greene had the entire building or that portion of the building that was of any consequences, therefore, the lease did not terminate by the fire and Greene is liable for rents. The Chancellor held that Greene could build on the lot and of course Greene would have to comply with the rules and regulations of the town of Troy, with reference to rebuilding.

The Chancellor also modified an injunction so that an execution could issue in favor of Donnell for all accrued rents. There was a reference to the Clerk & Master on the question of damages, etc. This reference has never been executed. All the assignments of error are overruled and disallowed. The judgment of the lower court is affirmed. The cause will be remanded to the Chancery Court of Obion county for the carrying out of the reference ordered by the Chancellor. The appellant will pay the costs of the appeal. The costs of the lower court will be paid as decreed by the Chancellor, execution will issue accordingly.

Heiskell and Senter, JJ., concur.