BUERGER v. BOYD.

LANDLORD AND TENANT—*liability for rent in case of fire.* Where the lessee takes an interest in the soil upon which the leased building stands, he will be held for the *rent,* even if the building should be burned down, unless he protects himself by stipulations in the lease; *otherwise,* if he simply leases the building, or a room in it.

*Appeal from Pulaski Circuit Court.*

Hon. JOHN WHYTOCK, Circuit Judge.

FARR & FLETCHER, for appellant.

WASSELL & MOORE, for appellee.

McCLURE, J.

Buerger leased Boyd's house and lot for $125 per month, for three years; the house afterward burned down. The question now arises, is Buerger bound to pay rent after the destruction of the house by fire?

Boyd brought suit against Buerger for one month's rent, ($125,) and for making a well frame, before a justice of the peace, for $131$\frac{50}{100}$. The justice rendered judgment in favor of Boyd for $34$\frac{20}{100}$, and rendered judgment against him for cost. From this judgment, Boyd appealed to the circuit court of Pulaski county. The cause came on for hearing in that

court upon the following agreed state of facts, the same having been established by proof in the court below:

"On the 27th day of March, 1866, Boyd and Buerger signed a written agreement, whereby Boyd leased, for three years, to Buerger a house and lot known and designated as parts of lots eleven (11) and twelve, (12,) in block number thirty-four, (34,) in Little Rock, in which Buerger covenanted to pay Boyd rent, at the yearly rate of fifteen hundred dollars ($1,500) per annum, or one hundred and twenty-five dollars ($125) per month, payable monthly, in advance."

The covenant to pay rent was unconditional—no reservation as to fire or any other casualty. Buerger entered on the premises, and occupied them several months, paid his rent up to February 6, 1867; a new month commenced on the 7th day of February. On or about the night of the 13th of February, 1867, the house was destroyed by fire—not through the neglect or fault of either party.

The item for making the well frame is admitted at $6$\frac{50}{100}$.

The circuit court rendered judgment against Buerger for $131$\frac{50}{100}$, and Buerger appeals to this court. It appears from the record, and the admission of the parties, that Buerger made an unconditional covenant to pay the rent, making no reservation as to fire or any other casualty.

We understand the law to be that, where a lessee takes *an interest in the soil* upon which a building stands, and the building should be destroyed by fire, he will be held for the rent of the entire property, unless he stipulates against casualties.

If one simply leases the *house or room*, and acquires no control over or interest *in the soil*, and the building be destroyed, we understand the rule to be otherwise.

In this case it is admitted that the lessee not only leased the house, but that he leased "part of lots eleven (11) and twelve, (12,) in block thirty-four, (34,) in Little Rock." His lease covers the realty, and it can not be said that the *estate*, from which the rent was to issue, had ceased to exist.

The counsel for appellant urges that, to allow Boyd to recover rent for property destroyed by fire, "would be manifestly unjust, and repugnant to all sense of right and justice." *Graves v. Berdan*, 26 *N. Y.*, 502; *Stow v. Russell*, 36 *Ill.*, 35.

Mr. Kent says: "The loss of the rent must fall either on the lessor or the lessee; that there is no more equity that the landlord should bear it than the tenant, when the tenant has engaged expressly to pay the rent, and when the landlord should bear the loss of the property destroyed. The calamity is mutual." *Kent's Com.*, *vol.* 3, 584.

If a party voluntarily creates a charge upon himself, by neglect, default, or carelessness, when he might have provided against the casualty complained of by the exercise of ordinary business tact and prudence, he assumes the risk consequent to such neglect, and must reap the fruit of his own indolence without complaint.

The judgment of the circuit court is affirmed.