NEW YORK REAL-ESTATE & BLDG. IMP. CO. v. MOTLEY.

(Common Pleas of New York City and County, General Term.  April 3, 1893.)

1. LESSEE—INJURY TO PREMISES—SURRENDER.
   A lessee of rooms in a building, not destroyed but so injured by fire as to be untenantable, is, after due surrender, discharged from his covenant for rent by operation of the act of 1860.

2. SAME—APPORTIONMENT OF RENT.
   A clause in a lease, which provides for an apportionment of rent in the event of a partial occupancy in consequence of injury to the premises, has no application where, because of such injury, the premises are totally untenantable and wholly unoccupied.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by the New York Real-Estate & Building Improvement Company against Thornton N. Motley on a lease.  There was a verdict for defendant.  Judgment thereon was affirmed at the general term of the city court, and plaintiff appeals.  Affirmed.

Action on a lease under seal for rent of rooms in a building, accruing after a fire which did not destroy the premises, but rendered them wholly untenantable during the period of repair.  The lease contained the following provision:

"It is further agreed by and between the parties hereto that if, without fault, neglect, or improper conduct of the party of the second part, his agents, servants, or tenants, the premises hereby leased or the building shall be damaged by fire, the elements, or otherwise, the party of the second part shall continue to pay rent only for such portion of the leased premises as he can reasonably occupy during the time required to make the necessary repairs; but if the building shall be so damaged or destroyed as in the judgment of the parties of the first part to require to be rebuilt, then, from the time of the happening of said events, or either of them, this lease, and the term hereof, shall wholly end and determine, and the premises be vacated and fully surrendered, and the rent shall be paid up to such time."

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

N. B. Sanborn, for appellant.

Cardozo Bros., (David Leventritt, of counsel,) for respondent.

PRYOR, J.  The event of the trial depended upon two questions, one of law for decision by the court, and one of fact for determination by the jury.  The issue of fact was whether there had been such a surrender of the premises as satisfied the requirement of the act of 1860.  We are of opinion that the evidence sufficed to justify the jury in finding the affirmative proposition.  Zimmer v. Black, (Sup.) 14 N. Y. Supp. 107; Fleischmann v. Toplitz, (N. Y. App.) 31 N. E. Rep. 1089. The question of law was whether the fire clause in the lease covered the particular casualty in controversy, so as to prevent a discharge of the defendant from further payment of rent.  We concur with the court below in its adjudication upon the point.  The clause provides for two contingencies only:  For such an injury to the edifice as should require it to be rebuilt, in which event there was to be a total cessation of rent; and for such an injury as permitted but a partial occupancy, in which event there should be an apportionment of rent. Here, however, is a third alternative, namely, an injury which, while

not necessitating rebuilding, did not allow of even a partial occupancy, but rendered the premises totally untenantable during the period of reparation. If the word was that the rent should be "suspended," the proposition might be plausible that the case is within the purview of the lease; but a stipulation for a proportional payment for a partial occupancy is clearly no provision for an event which prevents any and all occupancy. Evidently the actual contingency was never in the contemplation of the parties. Assuming this to be so, the appellant contends that still the case is not covered by the act of 1860, and that hence the respondent did not escape his obligation for rent by abandonment of the premises. It is an inveterate principle of the common law, prevalent in this state until 1860, that an absolute covenant for rent is unimpaired by the destruction of the premises, no matter by what inevitable and irresistible catastrophe. 3 Kent, Comm. 465. But the rule did not apply to a lease of rooms in a building, for the reason that by the destruction of the building the demised tenement ceased to exist. Graves v. Berdan, 29 Barb. 100, 26 N. Y. 498. Hence the inference that a tenancy of rooms, not being within the mischief contemplated by the statute, is not within the remedy. But since "it is only where the estate is gone, and the thing demised no longer exists," that the tenant is released from his covenant for rent, (29 Barb. 102,) it follows that a mere injury, without total destruction, of the rooms let, does not operate such a release. Izon v. Gorton, 5 Bing. N. C. 501. Now, it is precisely for this case that the act of 1860 provides, saying that "the lessees or occupants of any building which shall be so injured," etc., "shall not be liable to pay rent," etc. In reason, therefore, the statute applies to the case before us; and so are the authorities. Butler v. Kidder, 87 N. Y. 98; Vann v. Rouse, 94 N. Y. 401, 404; Tallman v. Murphy, 120 N. Y. 345, 24 N. E. Rep. 716. As, by concession, the injury to the demised premises totally precluded occupancy, and as the verdict settles that the tenant seasonably surrendered, he was exonerated from liability for rent, without more; and the learned trial judge properly refused to submit an immaterial issue to the jury, namely, whether it was necessary to rebuild the edifice. From the ground upon which the judgment is sustained it follows that the exceptions suggest no error of prejudice to the appellant.

Judgment affirmed, with costs. All concur