The New York Real Estate and Building Improvement Company, Appellant, *v.* Thornton N. Motley, Respondent.

A lease of a portion of a building in the city of New York contained a provision to the effect that if, without fault of the lessee, the demised premises shall be damaged by fire, the latter shall continue to pay rent " only for such portion of the leased premises as he can reasonably occupy during the time required to make the necessary repairs, but if the building shall be so damaged or destroyed as in the judgment of" the lessor to require to be rebuilt, then the lease shall terminate and the premises be vacated by the lessee. The building was so damaged by fire as to render it wholly untenantable during the period of repair. In an action to recover rent alleged to have accrued after the fire, *held*, that the lease provided simply for two contingencies, one such a destruction of the building as to require it to be rebuilt, the other an injury by fire admitting a partial occupancy, neither of which happened; that, therefore, the emergency contemplated by the act of 1860 (Chap. 345, Laws

of 1860), and which did happen, *i. e.,* an injury by fire rendering the premises untenantable, was not covered or provided for by the terms of the lease, and so, the statute applied and defendant was not liable. Reported below, 3 Misc. Rep. 232.

(Argued June 11, 1894; decided October 9, 1894.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made April 10, 1893, which affirmed an order of the General Term of the City Court of New York, which affirmed a judgment in favor of defendant entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This was an action upon a lease under seal to recover rent of rooms. After the commencement of the term a fire occurred which did not totally destroy the building, but so damaged it as to render it wholly untenantable during the period of repairs, and the tenant surrendered the premises.

The lease contained the following provision : " It is further agreed by and between the parties hereto that, if without fault, neglect or improper conduct of the party of the second part, his agents, servants or tenants, the premises hereby leased, or the building, shall be damaged by fire, the elements, or otherwise, the party of the second part shall continue to pay rent only for such portion of the leased premises as he can reasonably occupy during the time required to make the necessary repairs, but, if the building shall be so damaged or destroyed as, in the judgment of the parties of the first part, to require to be rebuilt, then from the time of the happening of said events, or either of them, this lease and the term hereof shall wholly end and determine, and the premises be vacated and fully surrendered, and the rent shall be paid up to such time."

Plaintiff sought to recover rent claimed to have accrued after the repairs were completed. The parties stipulated that the fire was not caused by the fault of either.

*N. B. Sanborn* for appellant. In order to exclude the application of the statute of 1860, it is not necessary that there

should be an agreement or covenant in express words that the tenant is to continue to pay rent, or that the lease shall continue, notwithstanding the destruction of the demised premises, or such injury as renders them untenantable. The statute only requires that there shall be an express agreement, as contradistinguished from one only implied, and that it shall be in writing, and shall be clearly shown on the face of the lease or other written agreement. (*Butler* v. *Kidder*, 87 N. Y. 98.) This court will be largely governed by the construction which the parties by their conduct have put upon the agreement. (*Chicago* v. *Sheldon*, 9 Wall. 50, 54; *Topliff* v. *Topliff*, 122 U. S. 121, 131; *French* v. *Pearce*, 8 Conn. 439; *Farrar* v. *Rowley*, 2 La. Ann. 475; *D'Aquin* v. *Barbour*, 4 id. 441; *Onthank* v. *L. S., etc., R. R. Co.*, 71 N. Y. 194, 197; *Jennison* v. *Walker*, 11 Gray, 423; Bishop on Cont. § 598.)

*David Leventritt* for respondent. The appeal should be dismissed, as no appeal lies to this court from an order of the court below affirming a judgment. (Code Civ. Pro. § 3194; *A. B. & C. Co.* v. *Comer*, 98 N. Y. 574; *Bieling* v. *City of Brooklyn*, 12 id. 99; *Hollister Bank* v. *Vail*, 15 id. 593; *Phipps* v. *Van Cott*, 4 Abb. Pr. 90; *Lee* v. *Ainslee*, Id. 463; *Ford* v. *Daniel*, 3 id. 385; *Bentley* v. *Jones*, 4 How. Pr. 355; *Jones* v. *Miller*, 19 Barb. 196; *Lawrence* v. *F. L. & T. Co.*, 15 How. Pr. 57; Code Civ. Pro. §§ 1345, 1355, 3061, 3194.) The lessee of rooms, lofts or apartments in a building rendered untenantable, but not destroyed by fire, is within the protection of the statute of 1860. (*Graves* v. *Berdan*, 29 Barb. 100; 26 N. Y. 498; *S. Bank* v. *Boston*, 118 Mass. 125; *Winton* v. *Cornish*, 5 Ohio, 477; 1 Washb. Real. Prop. [5th ed.] 577, 578; *Tallman* v. *Murphy*, 120 N. Y. 345; *Butler* v. *Kidder*, 87 id. 98; *Vann* v. *Rouse*, 94 id. 401, 404.) The lease does not waive the protection of the statute. (*Butler* v. *Kidder*, 87 N. Y. 103.) A provision for the apportionment of rent in the event of a partial occupancy cannot be construed as a waiver of the benefits of the act of 1860. (*Vann* v. *Rouse*, 94 N. Y. 401.) The tenant is enti-

tled to a reasonable time after the premises have become untenantable within which to remove his property, and what is a reasonable time is a question that should be submitted to the jury. (*Zimmer* v. *Black*, 14 N. Y. Supp. 107; *Bassett* v. *Dean*, 34 Hun, 250; *Wallace* v. *Coe*, 13 N. Y. S. R. 546; *Fleischman* v. *Toplitz*, 31 N. E. Rep. 1089.)

Finch, J. Nothing would need to be added to the very satisfactory opinion of the General Term in this case were it not for the elaborate criticism to which it has been subjected in the argument of the appellant. The question was whether the emergency contemplated by the act of 1860 (Chap. 345), which is an injury by fire making the premises untenantable, was covered and provided for by the terms of the lease between the parties, and for that reason taken out of the scope and operation of the statute. The lease does provide expressly for two contingencies. One of them is such a destruction of the building as requires it to be re-built, in which event all rent ceases and the lease terminates. The other is an injury by fire which admits of a partial occupancy, in which event the accruing rent is to be measured by the proportion of available occupancy. But what occurred was something different from either described contingency. The fire did not compel a re-building on the one hand, nor did it leave a partial occupancy which would carry some part of the rent with it, but the premises demised became wholly untenantable. As Judge Pryor tersely states it: "A stipulation for a proportional payment for a partial occupancy is clearly no provision for an event which prevents any and all occupancy." To that proposition the appellant objects, and insists that a fair construction of the lease provides for a suspension of the rent while the premises are untenantable, and founds his argument upon an inference derived from the use of the word "only" in the sentence which reads "shall continue to pay rent *only* for such portion of the leased premises as he can reasonably occupy during the time required to make the necessary repairs." His argument is that if no proportion of the prem-

ises is tenantable then none of the rent is payable during the period of repairs, but revives when that period ends ; that is to say, out of a provision which contemplates no removal but only an inconvenience, a stipulation is evolved which requires a removal during the period of repairs, and then a removal back after they are finished. If so onerous a burden had been in terms proposed it is quite probable that the lease would have been refused. Any removal is a serious injury to the business man, and to double it is an evil he would naturally avoid. The statute on the one hand and the re-building clause in this lease both contemplate that where the tenant, by reason of fire, is obliged to remove from the premises because they have become wholly untenantable he shall not be obliged to return at some unknown and indeterminate period measured by the landlord's completion of his repairs, and it would be a very unjust, and, I think, unreasonable construction, that a stipulation for lessening the rent where no removal was necessary should inferentially be extended to one in which a removal was inevitable.

I think, therefore, that the case was correctly decided, and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.