## J. FRANK BARR v. FRANK B. KIMBALL ET AL.

FILED FEBRUARY 6, 1895. No. 5024.

1. ' Review: JUDGMENT NON OBSTANTE VEREDICTO. Where a motion was made for a judgment *non obstante veredicto*, but the record does not disclose that such motion was submitted to the judge of the trial court and his ruling obtained thereon and an exception taken thereto if adverse, there is nothing presented by the record for the consideration of a reviewing court..

2. Landlord and Tenant: FRAUD: DAMAGES: RECOUPMENT: CANCELLATION OF LEASE. A lessee who was induced to make a lease by the fraudulent statements of the lessor may, in an action by the lessor for rent due, recoup the amount of any damage he may have suffered by reason of such fraud and misrepresentation; or, if he has fully paid the rent, recover the damages. in an action instituted for such purpose; or, on discovering the falsity of the representations made by the lessor, may rescind the contract of lease; that is, he may have his election of reme-. dies or of courses to pursue.

3. Damages: LEASE: FALSE REPRESENTATIONS. In the case at bar the defendants were induced by the statements of the lessor in regard to the premises to make a lease for, and to occupy them for use in, a particular business, and there being sufficient evidence to sustain a finding of the jury that such representations were false and known to be so when made by the party making them, and without the knowledge of the lessees, and relied upon by them, and one of the results being necessarily the removal of the parties and the business from the premises to another location, *held,* there might be recovered as damages the actual, unavoidable expenses of such removal.

ERROR from the district court of Lancaster county. Tried below before FIELD, J.

*W. Henry Smith,* for plaintiff in error.

*R. D. Stearns, contra.*

HARRISON, J.

In the petition in this case it is stated that on or about June 22, 1887, one W. G. Pitman leased to defendants for

a term of three years, commencing with that date, the east one-half of lot No. 3, in block No. 88, in the city of Lincoln, Nebraska, and the first floor and basement of building thereon, the rent to be $40 per month, payable in advance, of which it was claimed $160, or rent for four months, was past due and unpaid. There was a further statement that the plaintiff, after such leasing, became the owner of the leased premises by purchase from Mr. Pitman. The answer of defendants was as follows:

"The above named defendants appearing in the above action and for their answer to the plaintiff's petition herein say:

"1. That they deny the same, each and every allegation thereof, except what is hereinafter specially admitted.

"2. For a second and further answer the said defendants allege that on or about the 22d day of June, 1887, in writing, they, the said defendants, rented the premises mentioned in said petition herein, viz., the first floor and basement and lot situate on M street, in Lincoln, Nebraska, for the term of three years, of one W. G. Pitman, the owner of said premises, for a marble factory and stone business, and that they, the said defendants, were to use the basement of said building as a shop; that for the purpose of inducing these defendants to rent said premises for the purpose aforesaid he recommended said building and alleged that said building and basement was a good and substantial building, perfectly dry and safe in all respects and well adapted to said business, including said basement, at which time said Pitman well knew that it required a good strong building for said business; that said defendants, relying thereon, and believing the said statements and representations to be true, they being unable to see the east wall of said building, did then and there agree to pay said Pitman the sum of $40 per month for the use of said premises, which lease is made a part hereof; that thereupon, and shortly thereafter, they moved in said building and commenced to use said base-

ment as a workshop, but that shortly thereafter they were
compelled to abandon the same on account of defective
drainage and water; that said statements made by said Pit-
man as aforesaid were false and untrue, all of which he
well knew, and were made for the purpose of misleading
these defendants, and that thereafter he, the said Pitman,
agreed to repair said basement and fit the same for said de-
fendants' business, but which he never did, and on account
thereof compelled said defendants to build a shop in the
back yard of said premises, which shop cost to exceed the
sum of $50, and said basement became useless, to defend-
ants' damage of $200.

"3. For a further answer said defendants allege that in
the spring of 1889 said plaintiff purchased said property
of said Pitman, subject to the right of said defendants;
that in May, 1889, the building on the east side of said
store building was moved away, thereby exposing to view
the east side of said store building, and these defendants
then and there for the first time discovered the same to be
in a very dangerous condition, and very unsafe for said
business, the said wall being sprung out, and also discov-
ered that the statements and representations made by the said
Pitman as aforesaid were false and untrue, and these de-
fendants charge and allege the fact to be that he well knew
the same to be false and untrue when he made the same as
aforesaid; that thereupon, and after these defendants dis-
covered the condition of said building, they notified said
plaintiff, calling his attention thereto, and also notified the
fire warden of said city of the condition of said building;
the said fire warden condemned said building and ordered
and directed said plaintiff to forthwith repair and place the
same in a proper and safe condition, all of which said plaint-
iff promised and agreed then and there to do; but he, the
said plaintiff, neglected and refused to repair said building
and place the same in a safe and proper condition; that
from time to time said defendants called said plaintiff's at-

tention to said wall and building and insisted he should
repair the same or they would be compelled to move there-
from on account thereof, as their said business required a
safe and strong building ; that said plaintiff refused to
place said building in a safe condition and these defend-
ants, at great expense, were compelled to move therefrom
on account of the dangerous condition of said building,
and by reason thereof and the false statements aforesaid
were put to an expense and damage of over $200, and
were compelled to pay out for moving exceeding the sum
of $100, and also suffered damage and laid out and ex-
pended the sum of $50 in building the workshop afore-
said ; and the defendants allege that upon their moving as
aforesaid the said plaintiff took possession of said building
and proceeded to occupy the same.    Wherefore these de-
fendants demand judgment for the damages aforesaid,
against said plaintiff, in the full sum of $350, over and
above all claims and offsets, with costs of this action."

The reply of plaintiff was a general denial.    There was
a trial before the court and a jury.    The verdict of the
jury contained a finding for the plaintiff in the sum of
$174, and for the defendants in the sum of $120.20, and
assessing the amount of plaintiff's recovery at the difference
between the two sums, or $53.80.    The plaintiff filed a
motion for new trial, which was overruled, and judgment
rendered in accordance with the verdict for the plaintiff, to
reverse which he has prosecuted error proceedings to this
court.

One assignment of error much insisted upon by attor-
ney for plaintiff in error in the brief filed is that the
court erred in overruling the motion of plaintiff for judg-
ment *non obstante veredicto*.    It appears from the record
that such a motion was filed after the verdict was returned,
and a copy of it is contained in the transcript, but the rec-
ord is silent as to whether it was ever presented or brought
to the attention of the trial court and its ruling obtained

53

thereon and an exception taken thereto. In the absence of anything in the record as to the action of the trial judge upon this motion, there is nothing before us in regard to it for consideration.

It is further argued on behalf of plaintiff that the matters stated in defendants' answer, and the testimony in support of them, were insufficient to constitute a defense to plaintiff's complaint or cause of action. The answer is probably informal and not very clear in its statements. The plaintiff made no effort to have these faults, if any exist, corrected in the manner and at the time when the law contemplates such correction should be made, but filed a reply and thus waived any objections to any informality of the allegations of the answer and put in issue all things which were sufficiently set forth therein, however objectionable in form or arrangement and the issue of the misrepresentations made to induce the defendants to enter into the lease, and the damages resulting therefrom were fairly raised by the pleadings. The testimony on the major number of the points involved in the issues was conflicting, but was amply sufficient to sustain the findings of the main elements of the defense. The knowledge of the lessor, of the manner in which the building was erected, both as to material and workmanship and of its defects and lack of strength and substantiality to fit it for the purpose of the defendants in the due course of the business in which they desired to occupy it, and of which purpose he was specifically informed by them; of his representations of such fitness and adaptability and of the falsity of such representations and the damages resulting to defendants therefrom; and the jury having passed upon the evidence and by their verdict announced a conclusion drawn therefrom, in accordance with a well established rule of this court we will not reverse or disturb it.

It is further contended that the law will not allow a recovery in favor of defendants upon the state of facts devel-

oped in this case.  The rule is thus stated in 3 Sutherland, Damages [1st ed.], p. 174: "If there was fraud or misrepresentation by the landlord in making the lease, by which the lessee suffered damage, he may recoup therefor in an action for rent."  The rule was recognized and applied in *Pryor v. Foster*, 130 N. Y., 171.  The facts were that the defendant in the action leased to the plaintiff a house in the city of Buffalo for a certain term, representing that the furnace in the house was a good one and would heat the house so that it would be comfortable for persons therein and only consume eight or ten tons of coal per year; that eight tons would be enough if the weather during the winter was moderate, and ten tons if a cold winter.  The decision was based upon the alleged falsity of the representations and the damages resulting to plaintiff (the lessee) therefrom, who it appears had fully paid the rent; and it was held that a tenant who has leased a house on the false representations of the landlord that the furnace would heat the house, does not, by payment of rent, waive his right to sue the landlord for damages sustained on account of such false representations. In Bigelow, Fraud, 184, it is said: "It is well established that if a party, with knowledge that a fraud has been perpetrated upon him in a particular transaction, confirm the transaction by making new agreements or engagements respecting it, or by retaining and using the subject of it after knowledge, or otherwise recognize it as binding, he thereby waives the right to treat it as invalid, and abandons his right to rescind if it be a case of contract, or to redress if it be a tort not attended with a contract with the wrong-doer.  If the fraud result in a contract, performance of the same, after discovering that it was fraudulently obtained by the opposite party, does not preclude a person from suing for damages on account of the fraud.  The injured party may retain the benefits of the contract, confirm its validity, and still recover damages for the fraud by which he was induced to make it; or he may recoup

any damages which he has sustained, if the opposite party sue him for money due on the contract or for other failure to perform it." It may be said that the defendants were not entitled to recover the damages they were given by the jury, which, under the evidence, must have been mainly, if not entirely, composed of the expenses of the removal of the stock of stones and monuments and the business, the necessary tools, and equipments, etc., to another location, but where, as in this case, the parties were, by the matters complained of, forced to leave or abandon the premises as in the case of an eviction, to which it practically amounted, and such abandonment being caused by the false and fraudulent representations of the lessor, and the natural, ultimate result of the fraud on his part, it seems but just and right that the defendants should be allowed to recover them. (See Field, Damages, p. 423, sec. 516, citing *Wilson v. Raybould,* 56 Ill., 417.) The judgment of the district court is

AFFIRMED.