BAYLEY *v*. FRIEDBERG.

1. CANCELLATION OF INSTRUMENTS—LEASES—FRAUD—EVIDENCE—SUFFICIENCY.

In a suit for the cancellation of a lease on the ground of fraudulent representations, evidence *held*, to support the finding of the court below that the representations claimed by plaintiff were made, and that they were false.

2. SAME—FRAUD—REPRESENTATIONS AS TO MATERIAL FACTS.

Representations of defendant that he had received offers to lease from certain persons at certain rentals, which were not in fact true, *held*, representations as to material facts which may not be excused as mere opinions, sellers' talk, etc.

3. SAME—FRAUD—NOTICE—GOOD-FAITH PURCHASER.

Evidence *held*, to support the finding of the court below that the purchaser of said lease had notice of plaintiff's claim of fraud at the time of his purchase, and therefore was not a good-faith purchaser.

4. FRAUD—LACHES.

One seeking relief for fraud must act promptly after its discovery.

5. SAME—MERE LAPSE OF TIME NOT LACHES.

Mere lapse of time is insufficient to constitute laches, and relief for fraud will be granted notwithstanding delay, if the delay is satisfactorily accounted for.

6. SAME—CANCELLATION OF INSTRUMENTS—DELAY—LACHES.

Evidence that plaintiff entered into a lease on August 31st, that the premises were not ready for occupancy till January 15th following, that on January 20th he learned that he had been defrauded and was promised an adjustment by defendant, that negotiations were continued until April 1st when plaintiff refused to pay further rent, that on April 7th he was notified by defendant that the lease had been assigned and that on May 25th suit for cancellation was commenced, *held*, not to show such delay as would bar relief on the ground of laches.

On jurisdiction of equity to cancel instrument on the ground of fraud, see note in 5 L. R. A. (N. S.) 1036.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 23, 1923. (Docket No. 83.) Decided March 5, 1924.

Bill by Frank J. Bayley against Morris Friedberg and another for the cancellation of a lease. From a decree for plaintiff, defendants appeal. Affirmed.

*A. W. Sempliner* (*Frank D. Eaman*, of counsel), for plaintiff.

*Joslyn, Finkelston, Lovejoy & Chilson*, for defendants.

SHARPE, J. The trial court filed an opinion in this case, from which we quote:

"This action was brought by the plaintiff to cancel a lease of 32 to 40 Michigan avenue, Detroit, Michigan, entered into on August 31, 1920, between the defendant, Friedberg, and the plaintiff for claimed false and fraudulent representations made by Friedberg to the plaintiff, the alleged representations being set forth in the bill of complaint, and the principal ones being that Friedberg had been offered a yearly rental of twenty-five thousand dollars ($25,000) for the second floor of the premises by a Mr. Golde, and twelve thousand dollars ($12,000) a year by Dr. Sanborn, and that he had refused them. It was claimed on the part of the plaintiff that these were material representations of existing facts, that they were relied upon by him, that the representations were false, that they were made with the intention that they should be relied upon, and that he suffered injury thereby.

"It is conceded that while the lease was signed on August 31, 1920, plaintiff did not obtain, nor was he tendered possession of the premises until the following January 15th.

"The first question to determine is whether the representations were made. The plaintiff's version is supported by the testimony of himself, his wife, Mr. Meyer, Mr. Hutte and Mr. Russell. The de-

fendants' version is supported by the testimony of Friedberg, Mr. Kresge (who later purchased Mr. Friedberg's interest and is one of the defendants), and possibly by Mr. McNair, one of Kresge's attorneys. A sharp conflict of fact arises from this testimony but the court has had the benefit of observing the witnesses upon the witness stand and of following their actions when they were giving their testimony, and is firmly convinced that the representations were made as claimed by the plaintiff.   While not controlling, it is absolutely proven that the same representations were made about the same time to Mr. Hutte, of the Starr Piano Company, for the purpose of inducing him to take the same lease.   And this is not denied by Friedberg.   Friedberg's actions and his testimony convince me that he made these representations for the purpose of inducing the plaintiff to enter into this lease.   The testimony shows that Friedberg had been for years an operator in down town leases in Detroit both as lessor and lessee, and that plaintiff except for one other time had only leased single stores for his own business.

"Were the representations false?   In the case of Dr. Sanborn, it is admitted by stipulation that no such offer had ever been made.   In the case of Golde, as well as in the case of Dr. Sanborn, it is admitted by Friedberg that no such offer was made to him.   But it is claimed by counsel that 'even though it is admitted the alleged representations of Mr. Friedberg that he had received offers to lease certain portions of the premises from Dr. Sanborn and Golde Brothers were made and were false, nevertheless, it would not constitute a fraud for which a bill to rescind can be sustained.   Representations as to offers received cannot be made the basis of an action for fraud;' citing cases from other States, and *Hammer* v. *Martin*, 205 Mich. 359.

"The burden of this contention is that these representations are opinions, sellers' talk, etc.   But in the *Hammer Case* the difference is clearly pointed out and it is said that a representation that the property could be sold upon the market for a certain price is a representation of material fact.   No one can say that the representation that an offer had been made for the rental of a certain piece of property and that the offer

had been refused, is an opinion or sellers' talk. This is clearly the representation as to an existing fact. See *Pound* v. *Clum*, 204 Mich. 28; *Pratt* v. *Allegan Circuit Judge*, 177 Mich. 558, both cited in the *Hammer Case*.

"See, also, *Martin* v. *Critton*, 211 Mich. 506; *Haener* v. *McKenzie*, 188 Mich. 27.

"I believe from the testimony that the representations were made, that they were representations of existing fact, that they were false, that they were made with the intention that they should be acted upon, that they were relied upon by the plaintiff and to his injury. Of these three latter statements there can be no question and it was not contended that these elements did not exist."

A careful reading of the record convinces us that the conclusion reached was justified by a preponderance of the evidence and the law applicable thereto. It will serve no useful purpose to further review it.

It appears that the defendant Kresge purchased the interest of Friedberg in said lease on March 16, 1921. It is insisted that he was a purchaser in good faith and that no relief should be granted as to him. While the testimony is very conflicting, we are satisfied that a preponderance supports the finding of the trial court that Mr. Kresge was aware of the claim made by plaintiff and of his intention to repudiate the lease at the time of his purchase. He secured the personal guaranty of Mr. Friedberg, and will in no way be injured by the decree made canceling the lease and the assignment to him.

Defendants claim that plaintiff was guilty of such laches as should preclude the granting of relief to him. This court has many times held that one seeking relief for fraud must act promptly after its discovery. *Draft* v. *Hesselsweet*, 194 Mich. 604; *Bowen* v. *Stocklin*, 215 Mich. 341. The mere lapse of time, however, is not sufficient to constitute laches. *Backus* v. *Backus*, 207 Mich. 690; *Walker* v. *Schultz*, 175 Mich. 280; *Humiston, Keeling & Co.* v. *Yore*, 181 Mich. 629.

The delay in moving may always be explained, and, if satisfactorily accounted for, relief will be granted, notwithstanding the lapse of time. *Mulheron* v. *Koppin Co.*, 221 Mich. 187.

The premises were not ready for occupation by plaintiff until January 15, 1921. He testified that he first learned that the representations relied on were not true about January 20th; that he talked with Friedberg about it, and was promised an adjustment; that after several such assurances it was agreed that plaintiff should have a writing prepared, reducing the annual rental from $68,000 to $58,000, and that Friedberg would sign it; that such a writing was prepared in February, but Friedberg refused to sign, saying that he was negotiating with other parties to take the premises; that negotiations continued until April 1st, when plaintiff refused to pay further rent; that on April 7th he was notified by Friedberg that the lease had been assigned to Kresge. Friedberg admitted that plaintiff had complained about the rent. He did not deny that the writing had been presented to him for signature. The bill of complaint was filed on May 25th. Under these circumstances, we do not think that the plaintiff should be denied relief because of the delay.

The decree is affirmed, with costs to plaintiff. It appearing that the premises are in charge of a receiver appointed by the trial court, the record will be remanded for such further proceedings as may be necessary in that court.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.