SCHNEPPER *v.* HALLEB.

1. FRAUD—RESCISSION—EVIDENCE—SUFFICIENCY.

   In a suit for the rescission of a contract for the sale of a lease of an apartment house on the ground of fraud, evidence *held*, sufficient to establish that defendant made false representations as to material facts and that they were relied on by plaintiffs.

2. SAME—LACK OF DILIGENCE IN DISCOVERING FRAUD NO BAR TO RECOVERY.

   That one defrauded was not sufficiently diligent in testing defendant's representations, and wary enough to avoid the effect of them before making the agreement, *held*, insufficient reason for denying him relief from the fraud.

Appeal from Wayne; Covert (Frank L.), J., presiding.   Submitted April 10, 1924.   (Docket No. 41.) Decided June 2, 1924.

Bill by Otto H. Schnepper and another against H. Mohmoud Halleb to set aside an exchange of real estate on the ground of fraud.   From the decree rendered, plaintiffs appeal.   Modified and affirmed.

*Peter P. Boyle,* for plaintiffs.

*Lorne W. Weber,* for defendant.

BIRD, J.   The bill in this case was filed by plaintiffs, husband and wife, to cancel and have declared void a certain lease, also a contract for the purchase of certain personal property, on the grounds of misrepresentation and fraud.   At the conclusion of the hearing the lease and the contract were declared void by the court as to the wife, but relief was refused to

the husband.    The history of the case appears to be that David Simmons was the owner of the Rexleigh apartment building, situate in Detroit, containing 26 apartments, 4 single rooms and 5 stores.    On April 1, 1919, he leased the apartment to Robert D. McCreery, Jr., for a term of 10 years.    McCreery soon after assigned the lease, with Simmons' consent, to Haig Tailor.    Tailor kept it for a time and then disposed of it to Halleb by sub-lease, without Simmons' consent.    Halleb, in turn, sold the lease and furniture to plaintiffs for $25,000, and in part payment therefor took title to certain real estate owned by Selma H. Schnepper for $5,500, and also title to certain interests in Detroit real estate owned by Otto H. Schnepper, valued at $7,100, leaving a balance due on the lease and contract of $12,400, which was to be paid in deferred payments.    After operating the apartment. house for a time they learned the falsity of defendant's representations.    They finally defaulted in their payments and Tailor began proceedings to dispossess both plaintiffs and defendant.

It is the claim of plaintiffs that defendant misrepresented to them the number of tenants which the apartment had, and that he misrepresented the amount of gross and net income which the apartment was then yielding, that he had made all payments which were due his lessor, and other misrepresentations of a minor nature, and that when they discovered what the true conditions were they rescinded the sale of the lease and contract, and tendered them back to defendant. Considerable proof was admitted at the hearing bearing on these questions.    At the close of the hearing the trial court said in conclusion:

"I am satisfied that there were some misrepresentations on the part of the defendant to plaintiffs.    I am also satisfied that the property might have been saved had plaintiff Otto H. Schnepper exercised

reasonable diligence in the management and care of the property.    He was a real estate man of some experience and had assisting him in the transaction one Frahm, his partner, who was also a real estate man. While it is true generally that purchasers have a right to rely upon representations made to them by persons having a particular means of knowing the truth of the condition of the property, yet I feel that Schnepper did not exercise reasonable precaution and diligence in inspecting this property before purchasing it.    I also believe that if, after he purchased the property, he had used sound business judgment in the care of the property and the management of it, he would not have lost possession thereof.    As the matter now stands he is in no position to return anything to defendant.

"For these reasons I do not think he is entitled to a reconveyance of the real estate transferred by him to defendant."

After an examination of the testimony in detail we are impressed that defendant made false representations concerning the number of tenants which the apartment had, and also concerning the gross and net income which was being derived therefrom.    In this we are in accord with the trial court, but we cannot agree with its reasons for withholding relief from Otto H. Schnepper.    Because Otto H. Schnepper was not sufficiently diligent in testing defendant's representations, and wary enough to avoid the effect of them before making the agreement, it does not follow that he should be denied relief from the fraud.    Relief might be denied upon this ground in nearly every case where fraud and misrepresentation are charged, if this defense could be successfully urged.

In *Smith* v. *McDonald,* 139 Mich. 225, the same contention was made that defendant should have made a more careful investigation and should not have relied upon the representations of Smith.    In answer to this the court said:

"This contention assumes that the defrauded party owes to the party who defrauded him a duty to use diligence to discover the fraud. There is no such obligation. One who perpetrates a fraud cannot complain because his victim continues to have a confidence which a more vigilant person would not have. The rule contended for by plaintiff, which requires the same diligence from all persons, has no application to cases of fraud. If it had, the very persons, viz., the credulous and unwary, who are the usual victims of fraud, would be at a disadvantage, and would often be denied redress."

A similar contention was made in *John Schweyer & Co.* v. *Mellon,* 196 Mich. 597, and was answered by Mr. Justice FELLOWS, as follows:

"Where one makes false representations of material facts which are exclusively within his knowledge, and the other party relies upon them to his injury, liability for such false representations follows, and it does not lie in the mouth of the party perpetrating such fraud, when called to account, to say that his victim should have been more vigilant, should have been less credulous."

We are persuaded that the representations were made as charged, and that they were relied upon by both of the plaintiffs, and that they were in part false. The representations complained of were material, as they bore upon the question of the amount which the apartment was earning and was capable of earning. The representations as to the number of tenants and as to the amount of gross and net income of the apartment were greatly overdrawn, and it resulted in financial loss and injury to the plaintiffs. Under such circumstances we think relief should be granted to both plaintiffs. The decree may be modified by providing for a reconveyance of the real estate interests which Otto H. Schnepper conveyed to defendant upon paying the rent of the apartment in full

during the time he had possession of it.    Upon doing so, he will be entitled to a conveyance, as aforesaid.

The decree will be modified in this respect and affirmed.    Plaintiffs will recover their costs in both courts.

CLARK, C. J., and McDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.