## NEFF & FRY CO. v. ASHMEAD.

Circuit Court of Appeals, Second Circuit.
December 9, 1929.

No. 87.

Wood & Marshall, of Jamaica, N. Y. (Fowler & Fay, of Jamaica, N. Y., on the brief), for appellant.

Bernard A. Shalek, of New York City (Edgar R. Mead, of New York City, on the brief), for appellee.

Before MANTON, L. HAND, and MACK, Circuit Juges.

MACK, Circuit Judge (after stating the facts as above). Appellant contends: (1) That the court erred in striking the defenses and counterclaims, because fraud in the procurement of a written contract is, within section 274b of the Judicial Code (28 USCA § 398), a proper defense in an action at law, and may be established by oral proof; and (2) that the evidence of the single witness produced was insufficient to warrant the direction of a verdict for the full amount of damages claimed.

Appellee contends: (1) That, since the allegations of fraud on their face contradicted the specific terms of the written contract, they were properly stricken out; and (2) that, even if evidence in support of the allegations contained in the answer were admissible, and such allegations proved, no fraud would have been established.

1. While the parol evidence rule would prohibit defendant from introducing evidence tending to vary its obligation to secure the requisite permits, it is well established that this rule does not prevent the introduction of evidence showing fraud in the inducement.

Thomas v. Beebe, 25 N. Y. 244. A false verbal representation by plaintiff's agent, made before the execution of the contract, that its type of bin had been approved by the municipal authorities, would not vary or contradict the specific provision that defendant secure the necessary permits. By the latter provision defendant bound itself to obtain the permit; but since a permit issues as a matter of course (see New York Code of Ordinances, c. 5, art. 1, § 4) if the type is approved, defendant, in assuming such liability in the written contract, may well have relied upon plaintiff's alleged representations that the necessary approval had been secured. Since the answer definitely alleges that plaintiff had made such representations, and that they were knowingly false, and since defendant's bill of particulars further specifies that they were made prior to the execution of the contract, defendant should have been given an opportunity to produce evidence on this issue.

2. There can be no question but that this equitable defense may be interposed in an action at law. Judicial Code § 274b (28 USCA § 398); Burroughs Adding Machine Co. v. Scandinavian-American Bank (D. C.) 239 F. 179; Fiorito v. Clyde Equipment Co., 2 F.(2d) 807 (C. C. A. 9). Inasmuch as the case must go back for a new trial, we need not consider any other assignment of error.

Reversed and remanded.