## Abrams et al. v. Simon.

(Decided May 13, 1932.)

HAWK & LEWIS for appellants.

HOGG & MOORE for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On July 10, 1925, the appellee, F. Simon, leased to the appellants a building in East Jenkins, Ky., for a period of five years beginning July 15, 1925, at a monthly rental of $75, payable in advance on the 15th day of each month. The building was a two-story structure with a basement. The first floor was a storeroom, and the second floor was constructed and equipped for residential purposes. The appellants occupied the building until December 24, 1929, and paid the rent to December 15, 1929. On the evening of December 24, 1929, a building on an adjoining lot caught fire and was partially destroyed. There was no organized fire department in East Jenkins, the fire soon got beyond control, and the fire department of the neighboring city of Jenkins was called upon for assistance. Members of the Jenkins fire department arrived on the scene with hose and other fire-fighting equipment, and succeeded in preventing the spread of the fire, though the building in which it started had been practically destroyed before their arrival. In order to save appellee's building from destruction, a hole was cut in the roof to afford an entrance for the fire hose and a large quantity of water was thrown into the building. Appellants' stock of merchandise, consisting principally of dry goods, was removed from the storeroom on the first floor by persons present at the fire, but not until some of it had been badly damaged by water.

Appellee was at his home in Neon, Ky., when the fire occurred, and appellants were at Norton, Va. On the morning after the fire appellee went to East Jenkins and had the roof on the building repaired. Appellants never reoccupied the building, but shipped the merchandise, which had been in the storeroom, to Neon, Ky., and Norton, Va., where they were also operating stores. On December 29, 1929, they sent to appellee a check for the rent due from December 15 to December 24, and notified him that they considered the contract at an end. Appellee returned the check and informed appellants that he would look to them for the rent for the remainder of the term.

After the expiration of the term, he brought this suit to recover the rent due from December 15, 1929, to July 15, 1930, amounting to $525, and on the trial of the case the lower court at the conclusion of the evidence

sustained appellee's motion for a directed verdict in his favor.

The contract between the parties contained the following clause:

> "The said parties of the second part (lessees) covenant to keep the building in good repair, usual wear and tear excepted, and to leave the property in good repair at the expiration of this lease, usual wear and tear or damage or destruction by fire excepted."

It is appellants' contention that the building was rendered untenantable by the fire, and, as appellee failed to repair it so as to make it tenantable, they were warranted in treating the contract at an end. The liability of the appellants for accruing rent was not extinguished unless the building was rendered untenantable by an unforeseen casualty, and the burden was upon them to show that the building had been damaged to such an extent as to destroy its utility for the purposes of occupancy, and that the lessor had failed to make the repairs required of him under the contract. The contract in question adds nothing to the rights of the tenant specified in section 2297, Kentucky Statutes, which provides that:

> "Unless the contrary be expressly provided for in the writing, no agreement of a lessee that he will repair, or leave the premises in repair, shall have the effect of binding him to erect similar buildings, if without his fault or neglect the same may be destroyed by fire or other casualty; nor shall a tenant, unless he otherwise contracts, be liable for the rent for the remainder of his term of any building leased by him, and destroyed during the term by fire or other casualty without his fault or neglect."

The well-established rule of the common law is that the liability of the tenant for the rent called for by the lease is not affected by the destruction by some unforeseen casualty of the buildings on the lands leased in the absence of an express stipulation to that effect. Nixon v. Gammon, 191 Ky. 175, 229 S. W. 75; Ward v. Adams' Trustee, 8 Ky. Law Rep. 769. Section 2297 of the Statutes was enacted to obviate the harshness of that rule,

but neither the statute nor the contract relieved appellants of their liability for the rent under the facts of this case. There is no evidence that any damage was done to the building by fire. Appellants only claim that the walls, ceiling, and floor of the storerom were soaked with water and unfit for occupancy for their purposes while in that condition. The roof was repaired on the morning after the fire, and there is no evidence that appellee could have done anything more at that time to render the building tenantable. The walls of the building were constructed of concrete blocks, and the condition resulting from the flooding of the storeroom with water was at most only temporary. There is no evidence as to how this temporary condition could have been remedied other than by admitting air to the storeroom or by maintaining heat therein.

The contract specifically provided that the appellants should keep the building in good repair, usual wear and tear excepted, and they covenanted to leave the property in good repair at the expiration of the lease, usual wear and tear, or damage or destruction by fire, excepted. Clearly, under the terms of the lease, the duty of putting the building in a tenantable condition, where it was temporarily rendered untenantable even by unforeseen casualty, and no extensive repairs were required, was on the appellants. Jones v. Fowler Drug Co., 120 Ky. 157, 85 S. W. 721, 27 Ky. Law Rep. 558, 9 Ann. Cas. 105. The provision in the lease relied on by appellants was intended solely, in case the building was damaged or destroyed by fire, to relieve them from the broad liability imposed upon them to leave the property in good repair at the expiration of the lease. The evidence shows conclusively that, if the building was rendered untenatable by the fire on the adjoining lot, it was caused by water being thrown into the building, which probably rendered the building temporarily untenantable, but such evidence does not bring the case within the terms of the lease. There were no facts authorizing the submission of the case to the jury, and the court did not err in instructing the jury to find for the appellee.

Judgment affirmed.