GAMBLE–ROBINSON CO. v. BUZZARD et al.

No. 9686.

Circuit Court of Appeals, Eighth Circuit.

June 29, 1933.

Alfred Longley, of Waterloo, Iowa (Longley, Ransier & Frank, of Waterloo, Iowa, on the brief), for appellant.

B. F. Swisher, of Waterloo, Iowa, for appellees.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

SANBORN, Circuit Judge.

The parties will be referred to as in the lower court, the appellees as plaintiffs, and

the appellant as defendant. The appeal is from a judgment in an action at law to recover rent for the last two years of a ten-year written lease expiring October 1, 1932. The plaintiffs' petition set up the lease of premises described as "a three-story brick building 70 by 109 feet and basement with railroad trackage on the Illinois Central Railroad in the City of Waterloo, Black Hawk County, Iowa," and the failure of the defendant to pay the rent due October 1, 1930, and thereafter.

The defendant's answer, in its final form, was in five divisions. Division 1 admitted the execution of the lease, but denied all other allegations of the petition. Division 2 alleged constructive eviction. Divisions 3, 4, and 5 averred, respectively, failure of consideration, fraudulent representations by the plaintiffs inducing the execution of the lease, and its rescission by defendant upon discovery of the fraud, and fraudulent concealment by the plaintiffs of known latent defects in the leased premises, inducing the execution of the lease, and the rescission of the lease by the defendant upon discovery of the fraud.

The plaintiffs filed demurrers to divisions 2, 3, 4, and 5 of the answer, specifying the grounds as required by the Code of Iowa (1931) § 11135. These demurrers were sustained and, the defendant electing not to plead further, judgment was entered against it as upon default.

This appeal challenges the orders of the court sustaining the demurrers to divisions 3, 4, and 5 of the answer, and the entry of judgment in the face of the general denial contained in division 1 of the answer.

■ Since a demurrer has no relation to the actual merits of a controversy and raises nothing except questions of pleading, all facts well pleaded are, for the purpose of the demurrer, taken to be true. See Sullivan v. Iron Silver Mining Co., 109 U. S. 550, 555, 3 S. Ct. 339, 27 L. Ed. 1028; Work v. United States ex rel. Rives, 267 U. S. 175, 185, 45 S. Ct. 252, 69 L. Ed. 561; Concordia Ins. Co. of Milwaukee v. School District No. 98 of Payne County, Okla., 282 U. S. 545, 550, 51 S. Ct. 275, 75 L. Ed. 528.

Division 3 of the defendant's answer, so far as material, is as follows:

"That prior to September, 1930, the interior structure and framework of the building occupied by this defendant and through neither fault on the part of the defendant nor any failure to perform upon its part any obligation required of it by said lease, rotted and deteriorated to such a point that the continued used of the premises by the defendant, which required the storage in said building of large quantities of heavy merchandise and the movement on the floors of said building of heavy merchandise, might reasonably be expected to result in the collapse of the entire structure of the building.

"That because of the condition as aforesaid the premises were unsafe for human habitation and particularly unsafe and wholly unfit and useless for the conduct of the business carried on by the defendant in conformity with the terms and provisions of the said lease."

The grounds of demurrer to this division of the answer are:

"1. That no obligation rested upon plaintiffs with respect to the condition of the premises in question during the time referred to in said Division Two of Defendant's Answer, and said plaintiffs were not liable to the defendant for the condition of said premises during such time.

"2. That there is no showing of any covenant or undertaking on the part of the plaintiffs that the premises in question would be kept in a condition fit and suitable for the purposes for which they were leased or intended."

■ At common law, injury to or deterioration of the leasehold or buildings thereon under a lease such as that here involved did not relieve the tenant of his obligation to pay rent. The Supreme Court of the United States has recognized this rule: "The common law regards such a lease as the grant of an estate for years, which the lessee takes a title in, and is bound to pay the stipulated rent for, notwithstanding any injury by flood, fire, or external violence, at least unless the injury is such a destruction of the land as to amount to an eviction; and by that law the lessor is under no implied covenant to repair, or even that the premises shall be fit for the purpose for which they are leased." Viterbo v. Friedlander, 120 U. S. 707, 712, 7 S. Ct. 962, 30 L. Ed. 776; Sheets v. Selden, 7 Wall. 416, 423, 424, 19 L. Ed. 166. See also: Belfour v. Weston, 1 T. R. 310, 99 Repr. 1112; Izon v. Gorton, 5 Bing. N. C. 502, 132 Repr. 1193; Gregg v. Coates, 23 Beav. 33, 53 Repr. 13; Waite v. O'Neil (C. C. A. 6) 76 F. 408, 416, 34 L. R. A. 550; Harris v. Heackman, 62 Iowa, 411, 17 N. W. 592, 593; Smith v. Kerr, 108 N. Y. 31, 34, 15 N. E. 70, 2 Am. St. Rep. 362; Pizitz-Smolian Co-op. Stores v. Randolph, 221 Ala. 458, 129 So. 26, 31; Whittaker v. Holmes, 165 Ark. 1, 263

S. W. 788; Abrams v. Simon, 243 Ky. 773, 49 S.W.(2d) 1031; Lieberthal v. Montgomery, 121 Mich. 369, 80 N. W. 115; Gralnick v. Magid, 292 Mo. 391, 238 S. W. 132, 28 A. L. R. 1530; Post v. Brown, 142 Tenn. 304, 218 S. W. 823; 1 Tiffany, Landlord and Tenant (1910), p. 1191; 2 Wood, Landlord and Tenant (2d Ed., 1888), p. 1130; 36 C. J. 325.

This rule of the common law has not been universally adhered to in this country. See Whitaker v. Hawley, 25 Kan. 674, 684, 685, 689, 37 Am. Rep. 277; Saylor v. Brooks, 114 Kan. 493, 220 P. 193; Wattles v. South Omaha I. & C. Co., 50 Neb. 251, 266, 267, 69 N. W. 785, 36 L. R. A. 424, 61 Am. St. Rep. 554; Coogan v. Parker, 2 S. C. 255, 16 Am. Rep. 659.

Whether the rule is good or bad, it is the rule, and, the Legislature of Iowa not having seen fit to change it, we do not feel at liberty to disregard it.

█ The defendant argues that, even though this rule is applicable, this lease falls within the generally recognized American exception that, where the leasehold is a room or apartment in a building and the building is destroyed, the leasehold ceases to exist, and the lessee is therefore no longer under any obligation to pay rent. Waite v. O'Neil (C. C. A. 6) 76 F. 408, 416, 34 L. R. A. 550; Ainsworth v. Ritt, 38 Calif. 89; Sigal v. Wise, 114 Conn. 297, 158 A. 891, 894; Moran v. Miller, 198 Ind. 429, 153 N. E. 890, 893; Graves v. Berdan, 26 N. Y. 498; Harrington v. Watson, 11 Or. 143, 3 P. 173, 50 Am. Rep. 465; Moving Picture Co. of America v. Scottish U. & N. Ins. Co. of Edinburgh, 244 Pa. 358, 90 A. 642; Post v. Brown, 142 Tenn. 304, 218 S. W. 823; White v. Steele (Tex. Civ. App.) 33 S.W.(2d) 224; Arbenz v. Exley, Watkins & Co., 52 W. Va. 476, 44 S. E. 149, 61 L. R. A. 957; 1 Tiffany, Landlord and Tenant (1910), pp. 222, 1196; 36 C. J. 327.

Some of the courts of this country would apply this exception in situations where an entire building has been rented and where it was considered that the leasehold was primarily the building rather than the land upon which it stood. Pizitz-Smolian Co-op. Stores v. Randolph, 221 Ala. 458, 129 So. 26, 31, 32; Buerger v. Boyd, 25 Ark. 441, 442; Whittaker v. Holmes, 165 Ark. 1, 263 S. W. 788; Norman v. Stark G. & E. Co. (Tex. Civ. App.) 237 S. W. 963. Other courts have refused to apply the exception to leases for entire buildings. Sigal v. Wise, 114 Conn. 297, 158 A. 891, 893, 894; Nashville, C. & St. L.

R. Co. v. Heikens, 112 Tenn. 378, 79 S. W. 1038, 65 L. R. A. 298. In any event, the exception to the rule has been applied to the lease of a building and the tenant relieved from payment of rent only where it appeared that the leasehold was totally destroyed, and not in cases where it was merely injured or damaged. This conclusion is based upon the theory that the exception does not apply where the thing leased continues in existence.

"The exception requires that the building, or portions of the building, leased shall be not merely damaged or injured, but destroyed. Smith v. McLean [123 Ill. 210, 14 N. E. 50], supra. Total destruction, perhaps, does not mean such a destruction as does not leave one stone lying upon another, but it must be such as destroys the leased property in its character as a room or a building. The question, under the exception, is as to the condition to which the thing leased has been reduced by the fire, and here the walls and basement were intact. The building, as a building, was not destroyed, but required a new roof and new floors above the first floor." Humiston, Keeling & Co. v. Wheeler, 175 Ill. 514, 51 N. E. 893, 894; Sigal v. Wise, 114 Conn. 297, 158 A. 891; Lieberthal v. Montgomery, 121 Mich. 369, 80 N. W. 115; Graves v. Berdan, 29 Barb. (N. Y.) 100, affirmed 26 N. Y. 498; New York R. E. & B. I. Co. v. Motley, 3 Misc. 232, 22 N. Y. S. 705, 736, affirmed 143 N. Y. 156, 38 N. E. 103; Post v. Brown, 142 Tenn. 304, 218 S. W. 823; Norman v. Stark G. & E. Co. (Tex. Civ. App.) 237 S. W. 963; White v. Steele (Tex. Civ. App.) 33 S.W. (2d) 224; 1 Tiffany, Landlord and Tenant, (1910), p. 1197; 36 C. J. 327.

Assuming, without deciding, that the destruction of the leased building in the instant case would have constituted a failure of consideration, we are of the opinion that its deterioration during the term of the lease to the point where it had become unsafe for use is not the equivalent of its destruction. Moreover, the lease here refers to a building and trackage, and it is our opinion that this lease was as much a lease of real estate as though it had described the land upon which the building and trackage was situated without referring to the building.

The demurrer to division 3 of the answer was properly sustained.

█ Division 4 alleges in effect that, prior to the execution of the lease, the plaintiffs represented to the defendant that the building had just been completely overhauled and repaired and was in first-class condition and fit and suitable for use in the business to

which the defendant would put it; that these statements were false and were made for the purpose of deceiving the defendant; that the defendant relied upon them and was deceived, and, upon discovery of the fraud, rescinded the lease and surrendered possession of the premises.

The demurrer to this division of the answer charged that the plaintiffs were under no obligation with respect to the condition of the premises; that there was no showing of a covenant to keep the premises in fit condition; that the allegations of the answer tended to vary the terms of the written lease; that it was not shown that the alleged defects could not have been discovered by an examination of the building; that there was no showing that the plaintiffs prevented an examination, or that the defendant had a right to rely upon the representations; and that the alleged misrepresentations were not sufficient to constitute fraud.

Division 4 of the answer states all of the essential elements of fraud. Southern Development Co. v. Silva, 125 U. S. 247, 250, 8 S. Ct. 881, 31 L. Ed. 678. It was not essential that the defendant allege that it had not examined the premises. Its allegation that it had been deceived by the false representations of the plaintiffs negatives its knowledge of their falsity, and its assertion of reliance upon such representations negatives reliance, in whole or in part, upon any independent investigation or examination of its own. See Holst v. Stewart, 161 Mass. 516, 37 N. E. 755, 756, 42 Am. St. Rep. 442; Burroughs v. Clancey, 53 Ill. 30, 34; 27 C. J. 32. Compare Penney v. Pederson, 146 Wash. 31, 261 P. 636, 638.

That a statement to the effect that a building has been completely overhauled and repaired is a statement of a material fact and not a mere expression of opinion is too plain for argument.

The parol evidence rule cannot be invoked to defeat a charge of fraud in the procurement of a contract. Such evidence is always admissible to show that the execution of a contract was fraudulently procured, and that therefore such instrument has no lawful existence and no terms to be varied. Tevis v. Ryan, 233 U. S. 273, 286, 287, 34 S. Ct. 481, 58 L. Ed. 957; Pennok Oil Co. v. Roxana Petroleum Co. of Okla. (C. C. A. 8) 289 F. 416, 420; Lion Oil Refining Co. v. Albritton (C. C. A. 8) 21 F.(2d) 280, 281; Neff & Fry Co. v. Ashmead (C. C. A. 2) 36 F.(2d) 771; Nonantum Inv. Co. v. Maryland Casualty Co. (C. C. A. 1) 56 F.(2d) 329, 332; Hinsdale v. McCune, 135 Iowa, 682, 113 N. W. 478, 22 C. J. 1215 and cases cited; 35 C. J. 1159.

One who has been induced to execute a lease through fraudulent representations as to the condition of the premises may refuse to pay the rent if he abandons the premises upon discovery of the fraud. Phœnix L. & I. Co. v. Baden (Mo. App.) 188 S. W. 924; Bauer v. Taylor, 4 Neb. (Unof.) 701, 96 N. W. 268, reversed on other grounds, 4 Neb. (Unof.) 710, 98 N. W. 29; Wolfe v. Arrott, 109 Pa. 473, 1 A. 333; 1 Tiffany, Landlord and Tenant (1910), p. 561; 35 C. J. 1170; Burroughs v. Clancey, 53 Ill. 30; Hinsdale v. McCune, 135 Iowa, 682, 113 N. W. 478; Irving v. Thomas, 18 Me. 418; Milliken v. Thorndike, 103 Mass. 382; Barr v. Kimball, 43 Neb. 766, 62 N. W. 196.

In Lehigh Zinc & Iron Co. v. Bamford, 150 U. S. 665, 673, 14 S. Ct. 219, 221, 37 L. Ed. 1215, the Supreme Court approved a charge to a jury to the effect that " * * * deceit may also be predicated of a vendor or lessor who makes material untrue representations in respect to his own business or property, for the purpose of their being acted upon, and which are in fact relied upon, by the purchaser or lessee, the truth of which representations the vendor or lessor is bound, and must be presumed, to know."

In Bayley v. Friedberg, 226 Mich. 125, 197 N. W. 559, and in Schnepper v. Halleb, 227 Mich. 455, 198 N. W. 943, it was held that a lease may be canceled for fraudulent representations in its inducement.

We think that division 4 of the defendant's answer states a good defense.

Division 5 of the answer alleges in effect that the leased premises were apparently suitable for the purpose for which the defendant intended to use them, but that in fact they were not suitable and fit for that purpose; that defects were concealed and not apparent, but were known to the plaintiffs and unknown to the defendant; that the plaintiffs represented that the leased premises had been completely overhauled and repaired, were in first-class condition and fit and suitable for the use to which the defendant would put them, and that the general structure was of suitable and adequate strength for the use of the defendant; that the fraudulent concealment of the true condition of the premises by the plaintiffs was designed and intended to deceive the defendant; that the defendant entered into and executed the lease in reliance upon the apparent condition of the premises and was deceived thereby; that, upon discovery of the fraud

practiced upon it, the defendant rescinded the lease and surrendered possession of the premises.

The plaintiffs' grounds of demurrer to division 5 of the answer were the same as those to division 4.

Division 5 of the answer stated a good defense for virtually the same reasons which have been given with respect to division 4. It would be unnecessary for the defendant to allege that it had not, before executing the lease, discovered the latent defects in the building which it alleges were known to the plaintiffs but unknown to it, and the rule of caveat emptor would be inapplicable. Lehigh Z. & I. Co. v. Bamford, 150 U. S. 665, 673, 14 S. Ct. 219, 37 L. Ed. 1215; Scudder v. Marsh, 224 Ill. App. 355; Daly v. Wise, 132 N. Y. 306, 311, 30 N. E. 837, 16 L. R. A. 236; Steefel v. Rothschild, 179 N. Y. 273, 278, 72 N. E. 112, 1 Ann. Cas. 676; Meyers v. Rosenback, 5 Misc. 337, 25 N. Y. S. 521; Penney v. Pederson, 146 Wash. 31, 261 P. 636.

The defenses asserted in division 4 and 5 may actually be without merit, but they are not bad pleading, and they do entitle the defendant to its day in court.

Since the demurrers to divisions 4 and 5 of the answer were improperly sustained, it is unnecessary to consider whether the court would have been justified in ordering judgment had it properly sustained such demurrers.

The judgment is reversed, and the case remanded, with directions to overrule the demurrers to divisions 4 and 5 of the defendant's answer, and for such further proceedings as are not inconsistent with this opinion.